FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2025 JAN -7 PM 4: 52

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

01.07.2025

## Lodge

into

case# 24-cv-03301-DDD-NRN

this

Equitable Intent and Purpose of an Actual Notice of Perfected Claim


On behalf of the Free Land Holder Committee


BY THE LODGING THIS EQUITABLE INTENT AND PURPOSE OF AN ACTUAL
NOTICE OF PERFECTED CLAIM THE SPIRITUALLY DISCERNED MAN USING THE
GRACIOUSLY-GIFTED NAME :patrick:-Leroy:Pipkin IS NOT CONSENTING OR
WAVING ANY UNALIENABLE GRANTED RIGHTS TO THE ALLEGED INFERIOR
COURT JURISDICTION IN ANY FORM TO THIS RES


Ambassador for the FLHC        ambassador@flhc.life



# Free Land Holder Committee

**Located in the NE 1/4 of NE 1/4, Section 26,
Township 19 South, Range 19 West, of the SLB&M
Treaty of Guadalupe Hidalgo**

## Actual Notice of Perfected Claim
## and Demand for Specific Performance to Take Notice

*Maxim: [Exclusive] "The power which is derived cannot be greater than that from which it is derived"
(emphasis added)*
*Maxim; [Exclusive] "What is first is truest; and what comes first in time, is best in law" (emphasis added)*
*Maxim; [Exclusive] "Equity looks to substance rather than form", "Equity will not suffer a wrong
without a remedy", "Equity acts specifically, and not by way of compensation", "Equity delights to do
<u>complete</u> justice, and not by halves" (emphasis added)*

**To all to whom these presents shall come, Greeting:**

Now comes the free land holder, Patrick-Leroy:Pipkin, with full and complete authority as an Ambassador for
the "Free Land Holder Committee" ("FLHC"), a committee of free land holders and beneficiaries, coming in
<u>peace</u> under Exclusive Equity and Sacred Honor to present this actual notice of a perfected claim upon land
which also includes pre-existing, inherited and granted rights and claims including but not limited to land
patents, surface water, ditches, tributaries, fences, cattle grazing, and roads, farming and cultivating the soil,
many of which have actively been in use on an ongoing basis since 1899.

*Equitable Principle [Exclusive] "Equity does well with notice and with records" (emphasis added)*

The perfected land claim of the FLHC is located within the boundaries of the Treaty of Guadalupe Hidalgo
through cession to "The United States of America" and specifically described as: "The East half of Section 21;
The Southwest quarter of the Northwest quarter and the West half of the Southwest quarter of Section 22;
The Southwest quarter of the Northwest quarter and the Northwest quarter of the Southwest quarter of
Section 23; The West half of the Northwest quarter and the Northwest quarter of the Southwest quarter of
Section. 27; the East half, the North half of the Northwest quarter, the Southeast quarter of the Northwest
quarter, the North half of the Southwest quarter of the Northwest quarter, Section 28; the Northeast quarter
of the Northeast quarter, the North half of the Southeast quarter of the Northeast quarter, the West half of the
Northwest quarter, the Northeast quarter of the Southwest quarter, the South half of the Northeast quarter of
the Southeast quarter, the Southeast quarter of the Southeast quarter, Section 29; the Southeast quarter of
the Northeast quarter, the West half of the Southeast quarter of Section 30; all in Township 37 North, Range
13 West, N.M.O.M." (Further evidenced as land of "The United States of America". *See reference 1a and 1b*);

*Maxim: [Exclusive Equity] "First in time equity prevails", "What is first is truest; and what comes first
in time, is best in law", "Equity follows the law". (emphasis added)*

The free land holders of the FLHC posted a "Notice of Claim" on October 12th, 2024, expressing the intent and
purpose to claim land. The "Notice of Claim" provided a customary, lawful time to present any and all equal,
previous or superior equitable claims to the FLHC for consideration by December 15th, 2024.

*Maxim [Exclusive] "Equity Follows the Law" (emphasis added)*



# Free Land Holder Committee

**FLHC**

**Located in the NE 1/4 of NE 1/4, Section 26,**
**Township 19 South, Range 19 West, of the SLB&M**
**Treaty of Guadalupe Hidalgo**

Equitable Intent and Purpose of an

## ACTUAL NOTICE OF PERFECTED CLAIM
## DEMAND FOR SPECIFIC PERFORMANCE

Maxim: [Exclusive] "The power which is derived cannot be greater than that from which it is derived" (emphasis added)

Maxim: [Exclusive] "What is first is truest; and what comes first in time, is best in law" (emphasis added)

Maxim: [Exclusive] "Equity looks to substance rather than form", "Equity will not suffer a wrong without a remedy", "Equity acts specifically, and not by way of compensation", "Equity delights to do complete justice, and not by halves" (emphasis added)

Paragraph #1

[Line 1.] To all to whom these presents shall come, Greeting:

[Line 2.] Now comes the free land holder, Patrick-Leroy: Pipkin, with full and complete authority as an Ambassador for the "Free Land Holder Committee" ("FLHC"), [Line 3.] a committee of free land holders and beneficiaries, coming in peace under Exclusive Equity and Sacred Honor [Line 4.] to present this actual notice of a perfected claim upon this land which also includes pre-existing, inherited and granted rights and claims [Line 5.] including but not limited to land patents, surface water, ditches, tributaries, fences, cattle grazing, and roads, farming and cultivating this land, which all have actively been in use on an ongoing basis since 1899.

Line 1: To all to whom these presents shall come, Greeting:

This phrase is a customary way of saying "To everyone who reads this document, greetings." It establishes the formal tone and broad applicability of the statement to anyone who encounters it.

Line 2: Now comes the free land holder, Patrick-Leroy: Pipkin, with full and complete authority as an Ambassador for the "Free Land Holder Committee" ("FLHC"),

Despite many expressed public statements, efforts and claims against the FLHC free land holder's claim during the claim challenge time frame, no man or woman, in esse, ever provided valid evidence of title to the claimed metes and bounds describing this land which would be considered equal, previous or superior.

*Maxim [Exclusive] "Equity will not perfect an imperfect gift", "Equity will not aid a volunteer" "Equity Follows the Law",(emphasis added)*

*Equitable Principle [Exclusive] "Silence means equitable doctrines apply". (emphasis added)*
*Equitable Doctrine [Exclusive] "One cannot benefit from one's silence when there is a duty to respond". (emphasis added)*

**Be it Resolved Forever:**
The FLHC free land holder's claim described within the "Notice of Claim" is perfected as of December 15th, 2024, having received no valid equitable response in a timely manner provided to the FLHC free land holders, an equitable estoppel under well-settled land law now prevents further challenges or claims to the metes and bounds of the free land holder's claim.

No public administrative authority or inferior jurisdiction can move a res ultra vires, especially as a volunteer.

*Maxim [Exclusive] "Equity aids the vigilant not those who slumber on their rights" "He who seeks equity must do equity" "He who seeks equity must come with clean hands." "Equity enforces what good reason and good conscience require" (emphasis added).*

**With Gratitude and Respect For All,**

Patrick-Leroy:Pipkin  1-7-2025

**Patrick-Leroy:Pipkin**          Date
Ambassador for the FLHC
Ambassador@flhc.com
435-233-8549

Free Land Holder Committee    //    flhc@flhc.life

The presenter is identifying himself as a free land holder with the name, in style and mode of law as Patrick-Leroy:Pipkin, who is elected as an ambassador on behalf of the "Free Land Holder Committee" (also known as "FLHC"). By using the term "Ambassador" this affirms that Patrick-Leroy:Pipkin has been granted authority by others within the FLHC, giving him the lawful standing to act on their behalf.

Maxim of Exclusive Equity: "He who has the right to the principal, has the right to the accessions."(emphasis added) (This maxim supports the idea that someone with granted proper authority can claim, assert or otherwise manage rights held by others within their group or community.

Line 3: a committee of free land holders and beneficiaries, coming in peace under Exclusive Equity and Sacred Honor

This part clarifies that the FLHC is composed of multiple free land holders, patentees, and beneficiaries, and they are presenting this notice to everyone in the spirit of peace, under their choice of jurisprudence, being Exclusive Equity and Sacred Honor. "Exclusive Equity" and "Sacred Honor" refers here to acting according to the highest principles of fairness and justice, which the committee members have been demonstrating and relying upon throughout the course of this claim, and which they believe they are entitled to by the intent and spirit of the laws of nature and the Creator's Usufruct Law.

Maxim of Exclusive Equity: "[Exclusive] Equity follows the law" (emphasis added) (This principle holds that when dealing with property and rights, Exclusive Equity will adhere to the natural and just order established by the intent and spirit of the law, especially when formal rule of law does not provide adequate protection.)

## The Creator's Law (Genera Bible 1560)

The [Your] Genera Bible, as a foundational text for early "The United States of America" Usufruct Law, emphasized a natural law perspective—laws derived from divine order and moral justice. This includes principles such as ministry, stewarding of the land, and the importance of Exclusive Equity (fairness and justice). A claim to land that includes "Pre-existing graciously-gifted/granted rights" aligns with this view, cognizing that ministry includes not just the land itself but also the rights and interests that come with it (water, roads, etc.).

Line 4: to present this actual notice of a perfected claim upon land which includes pre-existing granted rights and claims

This section speaks formally to the claim. The term "Perfected claim" means the claim is lawful, well-settled, and acknowledged. "Pre-existing granted rights" means there are rights that were graciously-gifted/granted earlier, and the claim covers those as well.

Maxim of Exclusive Equity: "A perfected claim is better than an imperfect one." (emphasis added) (This maxim reinforces that a lawfully confirmed, rightful claim is superior to a contested or unclear one.)

Line 5: including but not limited to land patents, surface water, ditches, tributaries, fences, cattle grazing, and roads, farming and cultivating, many of which have actively been in use on an ongoing basis since 1899.

This lists many of the specific rights and interests of Patrick-Leroy:Pipkin, and other free land holders ministering over this land, already inherited, claimed, and which have been in active use for approximately 125 years. It provides examples of rights and interests over this claimed land, such as rights to water, the use of roads, the care of animals (cattle grazing), and the maintenance of boundaries (fences and ditches). These are all aspects of land law and land use which have been historically cognized within the intent and spirit of the law as crucial for the enjoyment of private and beneficial use of claimed land.

Maxim of Exclusive Equity: "He who comes into Exclusive equity must come with clean hands." (emphasis added) (This means that the claim made and the use thereof is fair, just, and right, and consistent with the intent and spirit of the law. The free land holders of the Free Land Holder Committee, by presenting a lawful and exclusive equitable claim over well-established and rightful uses of land, is adhering to this principle.)

"The United States of America" Exclusive Equity Jurisprudence (by: Joseph Story)

Justice Joseph Story was a key figure in the development of "The United States of America" Exclusive Equity Jurisprudence, particularly in how Exclusive Equity and the intent and spirit of the law work together. His opinions often emphasized that Exclusive Equity maxims, doctrines and principles should guide the courts when strict rule-of-law doctrines fell short of achieving true justice. The use of terms like "Exclusive Equity" and the focus on a perfected claim are consistent with the concepts of Exclusive Equity, where fairness and well-established beneficial use rights (like land ministry) are paramount to one's life, liberty and the pursuit of happiness.

Whereas, the free landholder, Patrick-Leroy:Pipkin, coming with full and complete authority as Ambassador for the free land holders of the Free Land Holder Committee (hereinafter referred to as the "FLHC"), a body duly constituted of free land holders and beneficiaries, does hereby come in peace, under the Exclusive Jurisdiction of Exclusive Equity and sacred honor, to present this actual notice of a perfected claim upon the well-settled law of the land, who are also providing notice of pre-existing rights and interests.

This claim is made in peace, under fairness and honor, with the full authority of the free land holders, concluding a lawful and customary method to settle land claims, and additionally protects pre-existing well-settled land rights and interests which have been

graciously-gifted/granted in the past, as part of a just and rightful ministry of this land. The free land holders referenced in this document are ensuring that their claim is aligned with both moral and lawful principles, with a full acknowledgment of the Creator's Usufruct Law and the sacred honor bound to the principles and doctrines of usufruct, where the land is to be used and enjoyed in accordance with "The United States of America" Usufruct Law jurisprudence, respecting the rights of both the free landholder and the neighboring local community.

Therefore, be it known, that the land under this claim includes, but is not limited to, the following: surface water rights, ditches, tributaries, fences, cattle grazing, farming, roads, and all hereditaments and appurtenances with ongoing use upon this land. This claim is perfected under the maxims, doctrines and principles of Exclusive Equity, whereby all the free land holders are entitled to assert these rights according to the laws of justice, as governed by the Creator's Usufruct Law and the Exclusively equitable maxims, doctrines of the well-settled land law.

Definitions and Explanations:

1. Free Land Holder: A man or woman who holds a rightful, lawful and lawfully equitable claim to land without encumbrance by any common corporate claims of interest, but instead possesses it directly through rightful ministry of law, thereby subject to the Creator's Usufruct Law and in harmony with the principles of Exclusive Equity. The peaceful Creator's ancient principle of usufruct, means the right to use and enjoy a property of another, provided it is used responsibly and in accordance with Creator's Usufruct Law. The term "free" suggests that the free land holder is free from an imposition from anyone, provided their use of that property does not harm, trespass or dishonor another, or infringes upon their equitable rights and interest of ministerial use.

2. Exclusive Equity: A body of principles that operates independently of legal statutes and focuses on fairness, emphasizing the protection of equitable rights based on principles of justice, conscience, and sacred honor rather than merely technical legal claims. In this context, exclusive equity ensures that free land holders are to enjoy their rightful possessions in peace, provided their actions are in harmony with Exclusive Equity law. FLHC's lawfully equitable rights are protected and secured according to both Exclusive Equity law and moral law and the common good.

3. Pre-Existing Beneficial use Rights: These are rights and claims that have been recognized historically or traditionally as inherent to the land and the free landholder, which may include beneficial use rights related to natural resources (such as water), land usage (such as grazing or cultivation), and infrastructure (such as roads or fences).

4. Perfected Claim: A claim that has been formally asserted and substantiated in a manner consistent with Exclusive Equity, where the free land holders demonstrate their rights and interests to minister, use, and benefit from the property in question without dispute.

5. Inherent: Inherent refers to something that is naturally part of or essential to the nature of something. It cannot be separated or removed because it is built into the very

essence of that thing. In simpler terms, something that is inherent is like a core, unchanging quality that belongs to someone or something by its very nature, and it is something that cannot easily be taken away or altered.

6. Sacred Honor: A concept emphasizing personal integrity, trustworthiness, and respect for one's obligations to the community and to God. This involves acting in good faith and respecting both the rights of others and the law.

7. Usufruct: A legal right to use and enjoy the fruits (e.g., crops, water, or resources) of someone else's property without diminishing the property itself. Under the Creator's Usufruct Law, this right is not permanent ministry, but a temporary and beneficial use and enjoyment the property of another without altering its substance. It is an essential principle in Exclusive Equity and is often tied to proper land use. The claimant's rights to water, ditches, roads, and grazing reflect usufruct rights that extend to the use of the land ministry of the land itself, which remains with the Creator in the context of Exclusive Equity law. [a fructus without the abusis]

Usufruct in the Genera Bible of 1560:

The concept of usufruct has evolved over time in various religious contexts. In the Genera Bible (1560), a Protestant translation, the term usufruct might not explicitly appear in the same form, but related principles of stewarding, rights over property, and obligations under God's law would be woven into various texts. Usufruct as a term is more modern, but the theological principles associated with it are older. Usufruct generally refers to the lawful right to use and derive benefit from property owned by another person, so long as it is not damaged or depleted.

Genera Bible Context: The Bible, translated during the Protestant Reformation, contains many passages that deal with stewarding of God's creation and the use of property in a way that aligns with divine commands. Usufruct-like concepts are often illustrated in passages dealing with inheritance laws (as in the book of Numbers), stewarding (as in the Parable of the Talents in the Gospel of Matthew), and covenants regarding land use.

Key Verses of Interest:

Genesis 1:28: " And God blessed them, and God said to them, Bring forth fruite and multiplie, and fill the earth, and subdue it, and rule over the fish of the sea, and over the foule of the heaven, and over every beast that moveth rpon the earth.."

Leviticus 25:23-24: "Also the lande shall not be solde to be cut off from the familie: for the land is mine, and ye be but strangers and soiourners with me."
"Therefore in all the land of your possession ye shall graunt a redemption for the lande."*

*These biblical texts would have contributed to the understanding of property and stewarding in early English Exclusive Equity law and lawful principles, as well as American Exclusive Equity.

8.  Source: Geneva Bible (1560) - The concept of land ministry and the right to use the land, whether in common or private use, can be traced back to various principles in Biblical law, notably the notion that land is entrusted to free land holders by the Creator forever.

9.  Source: Joseph Story, Commentaries on Equity Jurisprudence (1836). Story defined Exclusive Equity as a principle that stands apart from positive law, founded on principles of fairness, justice and righteousness.

## Maxims of Exclusive Equity

"[Exclusive] Equity will not suffer a wrong to be without a remedy" (emphasis added). This maxim ensures that where there is an injury or injustice in the exercise of land rights, the free land holder's claim is recognized, and a remedy is provided. In this case, the perfected claim on land is being made in accordance with Exclusive Equity, providing a solution for any dispute or interference with the free land holder's rights.

"He who comes into [Exclusive] equity must come with clean hands" (emphasis added). This principle ensures that only those acting in good faith and with good will, in accordance with exclusive equity may assert a free land holder claim. In this case, the claim is presented in peace and with sacred honor, affirming the intentions of good reason and good conscience of the FLHC.

"[Exclusive] Equity regards as done that which ought to be done" (emphasis added). This maxim suggests that the claim of equitable rights over the land and its resources is to be considered as lawfully legitimate and valid, just as if it had already been exercised in the natural order of things.

## References to the [Your] Geneva Bible (1560/1599)

Genesis 1:26-28 (Creator's Usufruct Law of Ministry):

1:26 Furthermore God said, Let us make man in our image according to our likeness, and let them rule over the fish of the sea, and over the foule of the heaven, and over the beastes, and over all the earth, and over every thing that creepeth and moveth on the earth.

Thus God created the man in his image: in the image of God created he him: he created them male and female. And God blessed them, and God said to them, Bring forth fruite and multiplie, and fill the earth, and subdue it, and rule over the fish of the sea, and over the foule of the heaven, and over every beast that moveth upon the earth.

These verses establish the natural order of things, and the equitable right of man to have dominion over the land and its resources, aligning with the beneficial use claim made in this notice.

All of the above rights and claims have been established and recognized under the
<u>Creator's Law</u> and are affirmed by Exclusive Equity, the ancient and eternal principle
of usufruct being all property belongs ultimately to the Creator, and "The United
States of America" holds it in trust for responsible and <u>beneficial</u> use for all of those
men and women with the <u>lawful</u> standing to make the claim.

Deuteronomy 19:14 (Rights of Land <u>Ministry</u>):
"Thou shalt not remove thy neighbour's landmark, which they of old time have set in thine
<u>inheritance</u>, which thou shalt <u>inherit</u> in the land that the Lord thy God giveth thee to
possess it." (emphasis added)

This verse reflects the importance of <u>respecting</u> <u>well-settled</u> <u>existing</u> land boundaries
and claims, further <u>solidifying a perfected claim</u> under Exclusive Equity.

Proverbs 22:28 (<u>Exclusive Equity</u> of Property Rights):
"Remove not the ancient landmark, which thy fathers have set."

This further supports the notion that <u>existing claims</u> to land and resources are <u>sacred</u>
and <u>protected</u> by the <u>Creator</u>'s law, ensuring the <u>equitable</u> right of a free land holder to
maintain their <u>lawful</u> claims over time.

Forever Land Rights
References to the [Your] Geneva Bible (1560/1599)

Genesis 13:15
for all the land, which thou seest, will I will give vnto thee and to thy seede for euer.

Exodus 32:13
" Remember Abraham, Izhak, and Israel thy seruants, to whom thou swarest by thine
owne selfe, and saydest vnto them, I wil multiply your seede, as the starres of the
heauen, and all this land, that I haue spoken of, wil I giue vnto your seede, and they
shall inherit it for euer.'"

Joshua 14:9
" Remember Abraham, Izhak, and Israel thy seruants, to whom thou swarest by thine
owne selfe, and saydest vnto them, I wil multiply your seede, as the starres of the
heauen, and all this land, that I haue spoken of, wil I giue vnto your seede, and they
shall inherit it for euer.

1 Chronicles 28:8
"Now therefore in the sight of all Israel the Congregation of the Lord, and in the
audience of our God, keepe and seeke for all the commandements of the Lord your God,
that ye may possesse this good lande, and leaue it for an inheritance for your children
after you for euer.

2 Chronicles 20:7

Diddest not thou our God cast out ye inhabitants of this lande before thy people Israel, and gauest it to the seede of Abraham thy friende for euer?

Ezra 9:12
Now therfore shall ye not giue your daughters vnto their sonnes, neither shall ye take their daughters vnto your sonnes, nor seeke their peace nor wealth for euer, that yee may be strong and eate the goodnes of the lande, and leaue it for an inheritance to your sonnes for euer.

Psalms 37:29
The righteous men shall inherit the lande, and dwell therein for euer.

Isaiah 60:21
Thy people also shalbe all righteous: they shall possesse the land for euer, the grasse of my planting shalbe the worke of mine handes, that I may be glorified.

Jeremiah 7:7
Then will I let you dwell in this place in the lande that I gaue vnto your fathers, for euer and euer.

Jeremiah 25:5
hey sayde, Turne againe now euery one from his euill way, and from the wickednes of your inuentions, and ye shall dwell in the lande that the Lord hath giuen vnto you, and to your fathers for euer and euer.

Ezekiel 37:25
And they shall dwell in the lande, that I haue giuen vnto Iaakob my seruant, where your fathers haue dwelt, and they shall dwel therein, euen they, and their sonnes, and their sonnes sonnes for euer, and my seruant Dauid shall bee their prince for euer.

Dominion
References to the [Your] Geneva Bible (1560/1599)

1 Corinthians 2:14
But the naturall man perceiueth not the things of the Spirit of God: for they are foolishnesse vnto him: neither can hee knowe them, because they are spiritually discerned.

1 Corinthians 2:15
But hee that is spirituall, discerneth all things: yet he himselfe is iudged of no man.

Proverbs 29:26
Many doe seeke the face of the ruler: but euery mans iudgement commeth from the Lord.

Psalms 40:4
Blessed is the man that maketh the Lord his trust, and regardeth not the proude, nor such as turne aside to lyes.

2 Chronicles 7:14

If my people, among whome my Name is called vpon, doe humble them selues, and praye, and seeke my presence, and turne from their wicked wayes, then will I heare in heauen, and be mercifull to their sinne, and wil heale their land:

[reference Public Law 97-280 and 96 STAT. 1211]

Conclusion

The free land holder, Patrick-Leroy:Pipkin, representing the free land holders of the FLHC, hereby asserts a perfected claim vpon the land, including all associated beneficial use rights. This claim is based on the principles of Exclusive Equity, in harmony with Creator's Law [Usufruct], and guided by the sacred honor of the free land holders who seek to peacefully and justly maintain their rights and interests intended for them.

This refined wording ensures that key principles of Exclusive Equity, the Creator's Law as further described from the Genera Bible (1560), and the traditions and customs of "The United States of America" jurisprudence as influenced by figures like Justice Joseph Story, and others. This claim integrates the spiritual, moral, and legal foundations which guide a rightful claim to land, making it comprehensible to anyone. Making this claim not only clear in its intent but also deeply rooted in the principles of Exclusive Equity law, and the Creator's Usufruct.

Paragraph #2

[Line 1.] The perfected land claim of the FLHC is located within the boundaries of the Treaty of Guadalupe Hidalgo through cession to "The United States of America" and specifically described as: [Line 2.] "The East half of Section 21; The Southwest quarter of the Northwest quarter and the West half of the Southwest quarter of Section 22; The Southwest quarter of the Northwest quarter and the Northwest quarter of the Southwest quarter of Section 23; The West half of the Northwest quarter and the Northwest quarter of the Southwest quarter of Section 27; the East half, the North half of the Northwest quarter, the Southeast quarter of the Northwest quarter, the North half of the Southwest quarter of the Northwest quarter, Section 28; the Northeast quarter of the Northeast quarter, the North half of the Southeast quarter of the Northeast quarter, the West half of the Northwest quarter, the Northeast quarter of the Southwest quarter, the South half of the Northeast quarter of the Southeast quarter, the Southeast quarter of the Southeast quarter, Section 29; the Southeast quarter of the Northeast quarter, the West half of the Southeast quarter of Section 30; all in Township 37 North, Range 13 West, N.M.O.M." [Line 3] (Further evidenced as land of "The United States of America".

In this passage, the intent is to present a more detailed and formal description of this perfected land claim, specifically outlining the location of this land by describing it through the metes and bounds determined by the Public Land Survey System. Further this land is within the boundaries of the "Treaty of Guadalupe Hidalgo," which transferred

vast territories from United Mexican States ("Mexican Republic") to "The United States of America". Below is a comprehensive description that maintains the integrity of these long-settled lawful precedents.

Line 1:  The perfected land claim of the FLHC is located within the boundaries of the "Treaty of Guadalupe Hidalgo" through cession to "The United States of America" and specifically described as:

   This begins with the assertion that the land claim, recognized by the Free Land Holder Committee (FLHC), lies within the treaty boundaries established by the "Treaty of Guadalupe Hidalgo". This treaty of May 30, 1848, officially ended the Mexican-American War between the two republics and transferred a vast area of land to "The United States of America" [a usufruct] (emphasis added) and not to the United States of America. The perfected claim is based on well-settled land law that is part of this cession, meaning the FLHC's rights and interests are acknowledged within this historic framework.

Lawful Principle: The "Treaty of Guadalupe Hidalgo" serves as a foundational document for land ministry of "The United States of America" (emphasis added), recognized as a valid source of claim in the well-settled "The United States of America". The principle of "perfected claim" means that the FLHC's perfected claim is not just a theoretical right but one that is firmly grounded in both historical treaties and the principles of ministry and usufruct under the Creator's Law and Exclusive Equity [Law and Equity].

Line 2: "The East half of Section 21; The Southwest quarter of the Northwest quarter and the West half of the Southwest quarter of Section 22; The Southwest quarter of the Northwest quarter and the Northwest quarter of the Southwest quarter of Section 23; The West half of the Northwest quarter and the Northwest quarter of the Southwest quarter of Section 27; the East half, the North half of the Northwest quarter, the Southeast quarter of the Northwest quarter, the North half of the Southwest quarter of the Northwest quarter, Section 28; the Northeast quarter of the Northeast quarter, the North half of the Southeast quarter of the Northeast quarter, the West half of the Northwest quarter, the Northeast quarter of the Southwest quarter, the South half of the Northeast quarter of the Southeast quarter, the Southeast quarter of the Southeast quarter, Section 29; the Southeast quarter of the Northeast quarter, the West half of the Southeast quarter of Section 30; all in Township 37 North, Range 13 West, N.M.O.M."

   Here, the land is described in precise terms using metes and bounds language, a system that identifies property by its specific physical boundaries (township, range and section). This formal equitable method of land description is a crucial part of land ministry, ensuring the boundaries are clearly established for lawful and practical purposes.

Lawful Principle: In "The United States of America" Exclusive Equity Jurisprudence, land must be clearly described to identify its boundaries in a manner that is clear,

reliable and absolute. A perfected land claim must be made with a high degree of specificity, as this prevents disputes and upholds the peace by principle of "certainty of claim."

Maxim of Exclusive Equity: "[Exclusive] Equity will not suffer a wrong without a remedy" (emphasis added). When the perfected land is clearly defined, the rightful land holders, like the FLHC, can seek remedy and enforce their property rights and interests under Exclusive Equity.

Line 3: (Further evidenced as land of "The United States of America")
This parenthetical note reinforces that the land in question, even though claimed by the FLHC, derives a nature and character further affirmed by the original treaty rights granted to "The United States of America" through the "Treaty of Guadalupe Hidalgo". The use of this parenthetical phrase signifies the claim is not just based on an assertion but is supported by historical documents which confirm the "The United States of America" holds the land rights and Not "the United States of America".

Lawful Principle: This section alludes to the principle of "chain of claim," which is the history of claimants over a piece of land. To make a claim to land, there must be evidence of previous grantees which connect from the original grantee to the current claimant.

Lawful Context and Further Explanation:

1. "Treaty of Guadalupe Hidalgo (1848)"

The "Treaty of Guadalupe Hidalgo" ended the Mexican-American War "between the two republics" and resulted in the cession of a large portion of land from Mexico to "The United States of America", inclusive of what are now parts of California, Arizona, New Mexico, Utah, Wyoming and part of Colorado. The perfected land referenced in this document is within the boundaries of this treaty, establishing the treaty rights of "The United States of America" allowing for the claim by Free Land Holders under well-settled rights secured by the treaty.

2. Metes and Bounds Land Description
This land description is written using equitable metes and bounds of the Public Land Survey System — a system that uses physical landmarks (like roads, rivers, and trees) or mathematical boundaries (township, range and section) to describe land. In this case, the township, range and section are all detailed for precise identification. Such descriptions are essential for keeping the peace, and asserting a lawful use and authority over a land area.

3. Chain of Perfected Claims
The chain of claim is the history of ministry of conveying a piece of land. In this case, the "Treaty of Guadalupe Hidalgo" establishes "The United States of America" [Usufruct] as Grantee of the land, which is further evidenced by the detailed lawful descriptions and cession. The principle of perfected claim assures that the FLHC's claim is lawfully settled and well-supported by historical records, and lawful, customary

fulfillment of the Law [and consistent with the land law directives of the General Land Office].

4. Maxims of Exclusive Equity and Lawful Principles
"[Exclusive] Equity looks to the intent rather than the form" (emphasis added). The intent of the FLHC and the fulfillment of a perfected claim, is to show that their equitable rights and interests are not just theoretical but lawfully cognized and grounded in real historical arrangements (such as land patents, the "Treaty of Guadalupe Hidalgo", land and the "Articles of Confederation").

"[Exclusive] Equity regards as done that which ought to be done"(emphasis added). Once the proper lawful procedures are followed, Exclusive Equity will support those actions as well-settled land law.

The free land holders of the FLHC perfected claim to the land lies within the area ceded to "The United States of America" [U sufruct] under the "Treaty of Guadalupe Hidalgo", and is specifically described as follows:

In accordance with customary and lawful procedure, the FLHC has provided a reasonable and lawful time frame for all interested parties to present any and all equal, previous, or superior Exclusive Equitable claims to the land in question. Such claims needed to be presented to the FLHC for consideration no later than December 15th, 2024.

This period of notice serves as an opportunity for those with rightful and legitimate claims to assert their position in Exclusive Equity. After the expiration of this equitable time period, the FLHC is proceeding with the final assertion of its perfected claim, having duly considered any competing claims presented in a timely manner.

Lawful and Exclusively equitable Justification:

Maxim of Exclusive Equity: "[Exclusive] Equity regards as done that which ought to be done". (emphasis added).

Maxim of Exclusive Equity: "[Exclusive] Equity will not suffer a wrong to be without a remedy" (emphasis added). This period of equitable notice affords a remedy to any individual or entity who may have a rightful claim to the land but was unaware of the FLHC's assertion. By allowing for the presentation of such equitable claims, the FLHC ensures that all equitable rights are respected and considered in a lawful manner.

Conclusion

The Free Land Holders Committee (FLHC), having posted the "Notice of Claim" on October 12th, 2024, provided notice to all concerned parties of the intent to assert its perfected claim over the specified land. The equitable lawful time period for the presentation of any previous, equal or superior equitable claims by December 15th, 2024. After this date, the FLHC shall proceed with the assertion of its claim in accordance with the established principles of Exclusive Equity and Creator's U sufruct law.

The FLHC's intent is lawful, clear, and equitable manner, with proper respect for the equitable, lawful time frame and process, while upholding the principles of Exclusive Equity and Creator's Usufruct law.

Paragraph # 3

[Line 1.] The free land holders of the FLHC posted a "Notice of Claim" on October 12th, 2024, expressing the intent and purpose to claim land. [Line 2.] The "Notice of Claim" provided a customary, lawful time to present any and all equal, previous or superior equitable claims to the FLHC for consideration by December 15th, 2024.

Line 1: The free land holders of the FLHC posted a "Notice of Claim" on October 12th, 2024, expressing an intent and purpose to claim land.

Equitable Principle: Due Course of Law- Notice is a fundamental component of due course of law, ensuring that all men and women have an opportunity to become aware of actions which may affect them, including a reasonable and sufficient time to be heard before decisions affecting their rights or interests are made.

Equitable Principle: Timeliness - Notice must be given within a reasonable timeframe to allow recipients adequate time to prepare and respond.

Equitable Principle: Good Faith - The party giving notice must genuinely attempt to inform affected parties, avoiding deceptive practices and providing accurate information.

Equitable Principle: "He who asserts must prove" (emphasis added) This maxim is a cornerstone of justice, ensuring that claims are backed by evidence and that fairness is maintained in disputes. It promotes accountability and prevents the misuse of legal or equitable processes by requiring the party making an assertion to substantiate it with proof.

This part of the "Notice of Perfected Claim" indicates that the Free Land Holder Committee (FLHC) made an official declaration on October 12, 2024, stating they made an equitable claim to land. This "Notice of Claim" is a formal communication that serves to make their action known to the public, what specific land, and to invite anyone to respond who might also have a claim upon the land. The "Notice of Claim" includes the customary and lawful notice time frame ensures that all interested parties are given a fair and just opportunity to present their claims for consideration and estoppel. This follows the principle that Exclusive Equity requires actions to be taken with good reason, good conscience and in good faith, with equitable due course and fairness extended to all parties.

Lawful Principle: This follows the equitable principle that notice is required before a lawful claim can be acted upon. By posting and delivering a "Notice of Claim" the FLHC is complying with the basic lawful requirement of informing others about their intentions. The "notice" aspect is crucial in Exclusive Equity law, as it ensures transparency and gives others a fair chance to assert their own competing claims, if any.

Line 2: The "Notice of Claim" provided a <u>customary</u>, <u>lawful</u> time to present any and all <u>equal</u>, <u>previous</u> or <u>superior equitable</u> claims to the FLHC for consideration by December 15th, 2024.

Maxim of <u>Exclusive Equity</u>: "[<u>Exclusive</u>] Equity delights in equality." (emphasis added) (This principle emphasizes that <u>fairness</u> in <u>lawful</u> matters requires equal opportunity for all parties involved to present their claims and be heard.)

In this part, the FLHC's "Notice of Claim" provides a <u>customary</u> and <u>lawful</u> timeframe for others to come forward with any competing claims to the land. This reflects the <u>equitable</u> principle that all parties must have an opportunity to be heard before a final conclusion is made. The <u>customary</u> timeframe of 61 days (the first day not being included as a full day) reflects a <u>fair</u> and <u>just</u> approach to resolving any competing claims [in accordance with the land law directives of the General Land Office]. The <u>Exclusive Equity</u> jurisprudence requires <u>fairness</u> and due course under both <u>sacred honor</u> and the maxims, doctrines and principles of <u>Exclusive Equity</u> in the assertion of <u>perfected</u> claims.

<u>Lawful</u> Principle: The period of time given allows for an <u>equitable</u>, due course of law—the right for all interested parties to be notified and present their claims in a reasonable amount of time. This is a foundational concept in both <u>Exclusive Equity</u> and <u>sacred honor</u>, as it ensures <u>fairness</u> and <u>justice</u> in dealings related to the <u>well-settled</u> land laws of "The United States of America" [Usufruct].

Maxim of <u>Exclusive Equity</u>: "[<u>Exclusive</u>] He who seeks equity must do equity." (emphasis added) (This maxim suggests that those who wish to claim land or rights must be <u>fair</u> in their dealings. The FLHC, by giving others the opportunity to present their claims, is acting <u>equitably</u> by providing others a chance to present any claims of <u>higher priority</u> or competing interest.)

<u>Lawful</u> and Historical Context:

1. "Notice of Claim" in <u>Exclusive Equity</u> Law
In both <u>Exclusive Equity</u> and common law, <u>notice</u> plays a vital role in ensuring <u>fairness</u>. By posting a public "Notice of Claim," the FLHC is informing others of their <u>intentions</u> to claim the treaty land. This notice is crucial because it provides the opportunity for any competing or prior claims to be presented before the FLHC's claim is <u>solidified</u>.

2. <u>Exclusive Equity</u> Claims and the <u>Equitable</u> Timeframe
The terms "<u>equal</u>," "<u>previous</u>," and "<u>superior Exclusively equitable claims</u>" are rooted in the Maxims of <u>Exclusive Equity</u>. These concepts imply that if someone has a claim that is of equal value, was established before, or has a <u>higher priority</u> based on principles of <u>fairness</u> and <u>justice</u>, they should have the opportunity to present that claim.

<u>Exclusively</u> "Equal claims" means other parties might assert their claim based on the same facts or circumstances.

Page 14 of 23

Equitable "Previous claims" refers to those who may have had a claim established before the FLHC posted the "Notice of Claim".

Equitable "Superior claims" refers to those who might have stronger or more valid lawful grounds for their claim.

3. Exclusively equitable Due course and Equitable Fairness

The period from October 12, 2024 to December 15, 2024, was provided to allow for Exclusively equitable due course. This ensures that anyone who has a legitimate equitable claim to the land is given a reasonable opportunity to come forward. It upholds the principle that Exclusive Equity favors those who act with fairness and gives everyone involved a chance to be heard.

4. Maxims of Exclusive Equity

"[Exclusive] Equity will not suffer a wrong without a remedy." (emphasis added) If someone has a lawfully legitimate, superior, or prior claim, they have the right to bring it to the attention of the FLHC for consideration.
"He who asserts must prove." The party claiming an interest in the land (whether it be FLHC or another party) must provide lawful evidence of their claim.

This is an official announcement saying that the FLHC intends an equitable claim to this land. It is now publicly known, so others who might have a claim on the land can come forward.

The "Notice of Claim" gave a lawful and customary time frame for anyone to present competing equitable claims by December 15, 2024.

This gives anyone with a lawful or fair claim to the land—whether it is equal, older, or stronger than the FLHC's—a chance to come forward and present their case before December 15, 2024.

Conclusion

This structure ensures transparency and fairness, providing a reasonable window for any potential claimants to assert their interests. The principles of Exclusively equitable due course, notice, and Exclusive Equity are all at play, ensuring that everyone has a fair opportunity to present their case before a final decision is made. By adhering to these principles, the FLHC is acting in accordance with both lawful and Exclusively equitable standards.

Paragraph #4

[Line #1] Despite many expressed public statements, efforts and claims against the FLHC free land holder's claim during the claim challenge time frame, [Line #2] no man or

woman, in esse, ever provided valid evidence of title to the claimed metes and bounds [Line #3] which would be considered equal, previous or superior.

Line # 1. Despite many expressed public statements, efforts, and claims against the FLHC free land holder's claim during the claim challenge time frame,

Part of the statement acknowledges that there were many public challenges to the FLHC's land claim now perfected. People made statements, put in effort, and presented baseless claims, attempted to dispute the FLHC's beneficial use rights and interests to the land during the designated time frame (from October 12th to December 15th, 2024). These efforts could include public objections or social media postings with baseless claims to the land.

Lawful Principle: The principle of public notice and contestability was in play here. People were given a chance to present competing Exclusive Equity claims to the FLHC's land, as outlined in the previous paragraph. This is important in both common law and Exclusive Equity: a person with a lawfully legitimate challenge to the land should have the opportunity to assert it.

Maxim of Exclusive: "[Exclusive] Equity will not suffer a wrong without a remedy." (emphasis added) (Anyone who believes they have a lawfully valid claim is allowed to bring that claim forward for review.)

Line #2: no man or woman, in esse, ever provided valid evidence of title to the claimed metes and bounds describing this land.

This means that, despite the public statements and efforts to challenge the claim, no person——"in esse" (in existence or living)——presented valid lawful evidence of claim to the treaty land. The term "claim" refers to lawful ministering. The metes and bounds describe the precise physical boundaries of the land, and this phrase asserts that no one provided lawful evidence that their claim to the land was lawfully legitimate or could defeat the FLHC's Exclusively equitable claim to this land.

Lawful Principle: This highlights the importance of lawful evidence of claim in land. Claim to land must be supported by valid lawful documentation form of proof. "Valid lawful evidence of claim" means that any competing claim would need to prove lawful ministry of the treaty land with the necessary documentation or cultivation.

Maxim of Exclusive Equity: "He who asserts must prove." (This principle means that anyone challenging the FLHC's claim must provide lawful proof of their own ministry. If no such lawful proof is provided, the claim stands.)

Line # 3. which would be considered equal, previous, or superior.

This section emphasizes the specific types of lawful claims that were allowed to challenge the FLHC's claim: equal, previous, or superior. These are lawful standards used

in Exclusive Equity to determine whether a competing claim has priority over the original claim.

Lawful Principle: In Exclusive Equity, when two claims compete, the claim that is superior (more legitimate or stronger) takes precedence. A previous claim might be considered stronger if it was established before the FLHC's notice of claim, and an equal claim would be one that has the same lawful standing but doesn't provide a greater or stronger equitable right to the treaty land.

Maxim of Exclusive Equity: "[Exclusive] Equity favors the diligent." (emphasis added) (This suggests that those who come forward with their claims in a timely manner and provide valid evidence will be treated fairly, but only if they meet the necessary standards.)

1. Evidence of Equitable Claim

In well-settled land law, especially within the Exclusive Equity systems, the burden of proof lies with the person asserting the equitable claim. A person must prove ministry right to the land through lawful evidence forms of documentation. The FLHC is asserting that no valid lawful evidence has been provided by any party disputing their claim.

2. Maxims of [Exclusive Equity]:

The maxims of Exclusive Equity often guide how claims are evaluated:

"[Exclusive] Equity regards as done that which ought to be done." (emphasis added) In this case, the FLHC's claim is recognized as valid unless a competing claim is proven to be superior, previous, or equal in value and evidence.

[Exclusive Equity] "He who comes into equity must come with clean hands." (emphasis added) This ensures that those who challenge the FLHC's claim must have legitimate, fair claims themselves, based on proper lawful evidence.

3. Exclusively Equitable Remedies and Exclusively equitable Due Process

Exclusive Equity ensures that all parties are heard and that a claim is settled based on fairness. If no one can provide valid lawful evidence of a prior or stronger claim, the FLHC's Exclusively equitable right to the treaty land is upheld.

Despite many people publicly challenging the FLHC's claim during the Exclusively equitable time period allowed for disputes,

Even though people tried to argue against the FLHC's claim by making public statements and efforts during the Exclusively equitable designated time,

no one was able to provide valid proof of ownership of the land,

no one presented any lawful legitimate proof that they owned the land,

that would be equal, prior, or stronger than the FLHC's claim.

and no one showed a claim that was _stronger_, _older_, or _equally_ _valid_ to the FLHC's.

## Conclusion

This paragraph reinforces that the FLHC's land claim stands because no one was able to _prove_ that they had a _stronger_, _earlier_, or _equal_ right to the land. The principle of _Exclusive Equity_ ensures that unless someone can present _valid_ _lawful_ _evidence_ of a competing claim that is more legitimate, the FLHC's claim _Exclusively equitable_ remains valid. This adheres to the _lawful_ maxim of _Exclusive Equity_ "He who asserts must prove," (emphasis added) as well as the _Exclusively Equitable_ principle of _fairness_ in _Exclusive Equity_.

## Paragraph # 5

[Line 1.] Be it Resolved Forever: [Line 2.] The FLHC free land holder's claim described within the "Notice of Claim" is perfected as of December 15th, 2024, [Line 3.] having received no valid equitable response in a timely manner provided to the FLHC free land holders, [Line 4.] an equitable estoppel under well-settled land law now prevents further challenges or claims to the metes and bounds of the free land holder's claim.

This statement is an important _Exclusive_ _Equity_ _lawful_ declaration that establishes the FLHC's _well-settled_ land law claim as _final_ and _irrevocable_, given that _no_ valid _lawful_ competing claims were presented in the _specified_ _Exclusively_ _equitable_ time frame. Below is simplify of the _lawful_ terminology, and explain the relevant _Exclusive_ _Equity_ principles, focusing on the maxims of _Exclusive_ _Equity_ and _well-settled_ land law.

## Line 1.  BE IT RESOLVED FOREVER:

This phrase serves as a formal declaration, asserting that the resolution is final and cannot be changed in the future. "_Forever_" indicates the _permanent_ and _unchangeable_ nature of the decision.

_Lawful_ Principle:  This reflects the _principle_ of finality in _Exclusive_ _Equity_——once a _lawful_ _decision_ has been _well-settled_, and all opportunities for challenge have _lawful_ _expired_, the _res_ is resolved and not open for further dispute.

Line 2:  The FLHC free land holder's claim described within the "Notice of Claim" is _perfected_ as of December 15th, 2024,

This section _declares_ that the FLHC's claim——as described in the "Notice of Claim" posted earlier——is now "_perfected_" (_lawfully_ valid and _well-settled_) as of December 15, 2024. This means that this land claim is now _perfected_ as no valid prior, equal or superior equitable claims were made within the _provided customary_ timeframe.

Lawful Principle: The idea of a "perfected claim" is rooted in well-settled land law and Exclusive Equity jurisprudence. A claim becomes perfected when it is free from valid dispute or challenge forever, and all parties have had the opportunity to present their claims. The FLHC's Equitable claim is now resolved forever because no one has responded to the FLHC with a previous, equal or superior claim as required.

Maxim of [Exclusive Equity]: "Equity follows the law" (emphasis added). Creator's right of use Law and "The United States of America" Usufruct Law right of use law.

Line 3. having received no valid equitable response in a timely manner provided to the FLHC free land holders,

This portion explains that no one provided a valid Exclusively Equitable response to the FLHC's "Notice of Claim" within the customary and lawful time frame (October 12, 2024, to December 15, 2024). A valid Exclusively Equitable response would be a prior, equal or superior claim that is supported by lawful evidence and presented in accordance with the intent and spirit of the of Exclusive Equity and fairness. Since no such response was received, the FLHC's equitable claim stands perfected.

Lawful Principle: The principle of "equitable timely response" ensures that everyone has had the chance to present a equitable claim, only those who act within the granted equitable period can assert their equitable rights. Exclusive Equity holds that a party must come forward within the established equitable timeframe to assert their equitable rights.

Maxim of Exclusive Equity: "He who delays in equity is guilty of laches." (emphasis added)(This maxim holds that if someone waits too long to assert their claim, they lose the right to challenge the claim. The window for challenges has expired.)

Line 4. an equitable estoppel under well-settled land law now prevents further challenges or claims to the metes and bounds of the free land holder's claim.

This statement introduces the concept of Exclusively Equitable estoppel, a lawful doctrine that prevents a party from challenging or asserting a claim after they have failed to respond or act in a timely manner. In this case, because no valid equitable claim was presented by December 15, 2024, Exclusively Equitable estoppel now bars any further claims to the land described by the metes and bounds (the specific boundaries of the land). This doctrine upholds the principle that the right to challenge or assert competing claims is now extinguished forever.

Lawful Principle: Exclusively Equitable Estoppel is a powerful lawful tool in well-settled land law. Once someone fails to act in the equitable time required, they are "Exclusively Equitable Estopped" from later asserting a conflicting claim. In this case, the metes and bounds of the FLHC's well-settled land claim are now lawfully protected from further dispute.

Maxim of Exclusive "[Exclusive] Equity will not suffer a wrong without a remedy." (Exclusively Equitable Estoppel provides a remedy by preventing further challenges to the FLHC's Exclusively Equitable Perfected claim, thereby securing the FLHC's equitable right to the land.)

## 1. Exclusively Equitable Perfected Claim in Well-Settled Land Law

In well-settled land law, a claim becomes perfected when it is free from dispute. A perfected claim means that the minister has full lawful rights to the property, and no competing claims remain. By declaring the claim perfected, the FLHC is asserting their lawful right to the land, which is now lawfully unchallenged.

## 2. Exclusively Equitable Estoppel

Exclusively Equitable Estoppel prevents a party from going back on their word or failing to act within a reasonable equitable time frame. If a person knows of an issue or potential claim but does not assert it an equitable time, they are Exclusively Equitable Estopped from raising it later. This is a fundamental principle in Exclusive Equity, which ensures fairness by preventing parties from taking advantage of delays or inaction. In this case, because no one presented a timely, valid lawful claim, the FLHC's Exclusively Equitable claim is now secure forever.

## 3. Exclusively Equitable Laches and Time Limits in Exclusive Equity

The concept of Equitable Laches (unreasonable delay) is closely tied to Exclusively Equitable Estoppel. If someone waits too long to assert a lawful claim or make an lawful objection, they lose their right to challenge the lawful Exclusively Equitable claim. This concept ensures that lawful res is resolved in a timely equitable manner, and fairness is upheld for all parties involved.

## 4. Maxims of Exclusive Equity

"He who comes into Exclusive Equity must come with clean hands." (emphasis added) This principle means that any challenger must act justly. Since no one has presented a legitimate lawful challenge within the lawfully equitable time frame, the FLHC's lawfully equitable claim is now beyond reproach.

"[Exclusive] Equity abhors a forfeiture." (emphasis added) This maxim ensures that, in situations of default (like failing to present a lawful valid claim), the result is a final determination, protecting those who acted with good reason, good conscience, in good faith and followed the intent and spirit of the laws of Exclusive Equity.

## BE IT RESOLVED FOREVER:

This is a permanent declaration that the res is settled and cannot be voided.

The FLHC's Exclusive Equity claim, as described in the "Notice of Claim," is now fully valid as of December 15th, 2024,

The FLHC's Exclusive Equity claim to the land and rights is now settled and lawfully cognized because no one provided any lawfully valid previous, equal or superior claims by the expiration deadline.

An equitable estoppel now prevents any further challenges to the claimed land.

This means no one can challenge the FLHC's Exclusive Equity land claim anymore, because they failed to act in a timely manner, and the FLHC's Exclusive Equity claim is now Exclusively Equitably secured/protected.

Conclusion

This resolution officially marks the finalization of the FLHC's Exclusive Equity well-settled land claim, using the lawful doctrine of Exclusively Equitable Estoppel to prevent further challenges. Since no lawful valid, timely objections were made, the FLHC's Exclusive Equity rights to the treaty land are now "Exclusively Equitably secured/protected," and the claim is well-settled and permanent under both lawful and Exclusively Equitable principles. The use of maxims of Exclusive Equity ensures fairness and finality in the res, reinforcing the lawful legitimacy of the FLHC's Exclusive Equity well-settled land claim.

No public administrative authority or inferior jurisdiction can move a res ultra vires, especially as a volunteer.

This statement touches on an important lawful principle regarding the limits of authority, specifically in the context of public administrative bodies and their powers. Below are simpler terms and explanations of the principles involved, while also looking at relevant maxims of Exclusive Equity and jurisdictional lawful authority.

No public administrative authority or inferior jurisdiction can move a res ultra vires, especially as a volunteer.

This sentence declares that no public administrative authority or other inferior jurisdiction (a lower court or authority) can act ultra vires, meaning beyond the scope of their legal powers or authority. The term "res" refers to the subject matter, typically property or a legal matter being dealt with. So, this phrase means that a public body cannot act outside of the law or beyond their granted authority, particularly when acting voluntarily (without a legal obligation or proper authority or jurisdiction).

Legal Principle:

"Ultra vires" is Latin for "acting or done beyond one's legal power or authority" or jurisdiction. It refers to actions taken by an authority that go beyond the legal powers granted to it by statute or regulation. If an entity acts ultra vires, those actions are typically considered invalid.

Public administrative authorities are limited in their actions by the law and their delegated powers. They cannot take actions that are outside the authority given to them.

The term "volunteer" here suggests that an administrative body or lower jurisdiction has no legal mandate to act in this case, and thus, any voluntary action they take is without legal foundation.

Maxim of Exclusive Equity:
"[Exclusive] Equity will not suffer a wrong without a remedy." (emphasis added) (If a public authority acts outside its powers, it creates a potential injustice, and Exclusive Equity requires a remedy.)

"He who seeks equity must do equity." (Public authorities, even when acting voluntarily, must act within the scope of their legal authority and cannot act unjustly or beyond their power and jurisdiction.)

Legal Context:

1. Public Administrative Authority

Public administrative authorities are agencies, offices, or organizations created by rule of law to carry out specific governmental functions. These authorities are granted powers by statutes, regulations, or constitutions, and their actions must remain within these bounds. For example, a local zoning board may have the power to approve or deny building permits, but it cannot make decisions about unrelated matters like criminal law or taxation, as these are beyond their authority.

2. Inferior Jurisdiction

An inferior jurisdiction refers to a lower-level court or tribunal that has limited authority compared to higher courts. For example, local or county courts may handle smaller civil cases, but they do not have the authority to handle matters of national importance as a Federal court has no authority to handle international matters like border disputes between nations. If an inferior jurisdiction takes action beyond its scope, that action is considered ultra vires and may be invalidated.

3. Ultra Vires Doctrine

The ultra vires doctrine is a core principle in both statutory law and administrative law. It means that any act performed beyond the powers granted to an authority or individual is void. This ensures that public bodies, courts, and agencies do not overstep their bounds and that individuals or entities are not subjected to illegal or unauthorized actions. In this context, if an administrative body or inferior jurisdiction acts voluntarily (without being required by law to do so), its actions are ultra vires because it is exercising powers it does not lawfully have.

Maxims of Exclusive Equity and Legal Principles:

"[Exclusive] Equity will not suffer a wrong without a remedy." (emphasis added)

If a public authority acts beyond its legal powers (ultra vires), there is an injustice done, and equity demands that the action be corrected. It could involve the court invalidating the action or providing a remedy to prevent harm.

"He who seeks equity must do equity."

Any authority, including administrative bodies or courts, must act fairly and within the scope of their granted powers. They cannot act unjustly or beyond their legal authority.

"The law does not require the impossible."

Public authorities must operate within their legal limits and <u>cannot</u> be expected to perform actions outside their scope of <u>authority</u>. If they attempt to do so, those actions are void.

No public authority or lower court can take action outside of its legal powers, especially if it is acting without being required to do so.

This means that government agencies or courts must only act within the <u>authority</u> granted to them by law. If they try to act beyond those powers, their actions are not <u>valid</u>. Moreover, if they are acting voluntarily (without a <u>lawful mandate</u>), those actions are considered <u>invalid</u> because they are not <u>authorized</u>.

Legal Implications:

1. Limits of Authority

Public administrative bodies and lower courts must always act within the powers granted to them. If they try to act beyond those powers, their actions can be challenged and are likely to be ruled invalid.

2. Voluntary Actions

If an agency or court acts without being required to do so (acting voluntarily), they are at a higher risk of stepping outside their legal bounds, rendering their actions ultra vires.

3. Protection Against Abuse of Power

The principle of ultra vires protects individuals and entities from being subjected to the actions of authorities that exceed their <u>lawful powers</u>. If an authority goes beyond its mandate, individuals can seek a remedy through the courts to invalidate those actions.

Conclusion

This statement reinforces the idea that public authorities and lower jurisdictions are strictly bound by the powers granted to them by the rule of law. They cannot act beyond those powers, especially when acting without a lawful obligation (as volunteers). If they do, their actions are considered <u>ultra vires</u> and are invalidated, reflecting the principles of <u>fairness</u> and <u>equitable justice</u> in both <u>statutory</u> and <u>Exclusive Equity</u> law.



Page 23 of 23

Free Land Holder Committee   //   flhc@flhc.life

"The United States of America"

USUFRUCT

Beneficial Use Doctrine

Demand for Specific Performance

"Cease and Desist"



Free Land Holder Committee  //  flhc@flhc.life