IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03301-DDD-NRN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PATRICK PIPKIN, a/k/a Patrick Leroy Pipkin, a/k/a Patrick-Leroy:Pipkin,
BRYAN HAMMON, a/k/a Bryan Hugh Hammon, and
UNKNOWN INDIVIDUALS WHO ENGAGED IN UNLAWFUL FENCING OF THE HALLAR DEED AREA OR WHO HAVE OTHERWISE ACTED IN CONCERT WITH AN ASSOCIATION OF INDIVIDUALS CALLED THE "FREE LAND HOLDER COMMITTEE,"

    Defendants.

## MOTION FOR TELEPHONIC STATUS CONFERENCE

The United States of America respectfully moves under Fed. R. Civ. P. 16(a) for a telephonic status conference at the Court's earliest convenience.[1] Defendant Patrick Pipkin, instead of serving an answer or other response to the Complaint as he was required to do by January 7, 2025, filed an "Equitable Intent and Purpose of an Actual Notice of Perfected Claim" (the Notice) (ECF Nos. 17 & 19[2]). The Notice makes numerous assertions and appears to suggest

---

[1] Pursuant to D.C.COLO.LCivR 7.1(a), counsel for the United States certifies that they conferred with Mr. Pipkin regarding the requested relief by telephone on January 13 and 14, 2025. Mr. Pipkin explained that he and the Free Land Holder Committee for which he purports to speak do not consent to "another jurisdiction." Counsel further attempted to confer with Mr. Hammon via telephone and email on January 13, 2025, and again by telephone on January 14, 2025. Mr. Hammon did not respond.

[2] The Notice filed as ECF No. 19 appears to be identical to the Notice filed as ECF No. 17, except it does not bear a fax header and it omits blank pages. The United States refers to the pagination of ECF No. 19 in this motion.

1

that Mr. Pipkin and, perhaps, other Defendants will not appear and defend the case. Defendant Bryan Hammon was also required to answer or otherwise respond by January 7, but he has not filed anything. At the same time, service of process by publication on the unidentified Defendants is in process pursuant to the Court's Minute Order (ECF No. 13) but is not yet complete.

In light of these circumstances, the United States would appreciate an opportunity to discuss the procedural posture of the case to "expedit[e] disposition of the action" and "establish[] early and continuing control" of the case, and "discourag[e] wasteful pretrial activities." Fed. R. Civ. P. 16(a)(1), (2), (3). Specifically, the United States wishes to discuss the most appropriate way to construe the Notice and the fairest means to ensure both that Mr. Pipkin and Mr. Hammon have an opportunity to answer the Complaint and that this matter proceeds towards resolution.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Nature of the Case

The United States brings this action under the Unlawful Inclosures Act (UIA), 43 U.S.C. §§ 1061-66, and for trespass against Defendants Patrick Pipkin and Bryan Hammon. ECF No. 1 ¶¶ 87-111. The United States has also brought UIA and trespass claims against the "FLHC Defendants," who are other unknown individuals who engaged in unlawful fencing of an area of public land, referred to here as the Hallar Deed Area, or who have otherwise acted in concert with a group called the "Free Land Holder Committee" (the FLHC). *Id.* The Hallar Deed Area is an approximately 1,460-acre area within the San Juan National Forest just north of Mancos, Colorado. The United States acquired the Hallar Deed Area in 1927 by warranty deed from grantor Fred C. Hallar. *Id.* ¶ 23.

In early October 2024, Defendants Pipkin, Hammon, and at least some of the FLHC Defendants, acting in concert, entered the Hallar Deed Area and began constructing a new fence that obstructed free passage over or through the land. *Id.* ¶¶ 35-53. They had no permission from the Forest Service or other right to do so. *Id.* ¶¶ 1, 36, 82, 89, 106. Mr. Pipkin also signed several notices that were posted in Mancos asserting a claim to the Hallar Deed Area on behalf of the FLHC. *Id.* ¶¶ 73-75, 81. The notices purported to require anyone with a superior claim to the land to come forward by December 15, 2024, or the FLHC would treat its own claim as settled. *Id.* ¶ 75.

### B. Procedural History

The United States filed this lawsuit on November 26, 2024. ECF No. 1. On December 13, 2024, the Court ordered the United States to serve the FLHC Defendants by publication, since no contact information for these defendants could be ascertained despite the exercise of reasonable diligence. ECF No. 13. The United States has initiated the publication process, which is ongoing. Mr. Pipkin and Mr. Hammon were personally served on December 17, 2024, and their deadline to answer or otherwise respond was January 7, 2025. ECF No. 14; ECF No. 15; Fed. R. Civ. P. 12(a)(1)(A)(i) (giving 21 days after service to answer or otherwise respond). On that date, Mr. Pipkin filed the Notice. ECF No. 17; ECF No. 19.

The Notice, which Mr. Pipkin signed as an "Ambassador" for the FLHC, quotes several equitable maxims and Bible passages, and asserts that Defendants' claim to the Hallar Deed Area is now "perfected." *See* ECF No. 19 at 4-5 (showing Mr. Pipkin's signature as "Ambassador for FLHC" and explaining that Mr. Pipkin has been "granted authority by others within the FLHC, giving him the lawful standing to act on their behalf"); *id.* at 5-6 (discussing the Geneva Bible of 1560 and equity jurisprudence); *id.* at 4 (asserting that "[t]he FLHC free land holder's claim

3

described within the 'Notice of Claim' is perfected as of December 15th, 2024, having received no valid equitable response"). The Notice asserts that "no person—'in esse' (in existence or living)—presented valid lawful evidence of claim to the [']treaty['] land" at issue in this case. *Id.* at 19. The Notice does not mention the Complaint that initiated this action and with which Mr. Pipkin and Mr. Hammon have been properly served. The Notice also discusses "inferior jurisdiction" and the "limits of authority" on "public administrative bodies and lower courts," and it contains a disclaimer that Mr. Pipkin is not consenting to an "inferior court jurisdiction." *Id.* at 1, 24-26.

## ARGUMENT

### I. Legal Standard

The Court has the discretion under Rule 16(a) to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences" to, among other things, "expedit[e] disposition of the action," "establish[] early and continuing control so that the case will not be protracted because of lack of management"; and "discourag[e] wasteful pretrial activities." Fed. R. Civ. P. 16(a)(1), (2), (3).

### II. A teleconference would be beneficial to facilitate the just and speedy determination of this case.

Some but not all Defendants have been served. One Defendant, Mr. Hammon, has filed nothing despite the passage of the deadline to answer or otherwise respond. Another Defendant, Mr. Pipkin, has filed the Notice, which purports to speak for the FLHC. In the United States' view, the Notice is not a valid answer because it does not "state in short and plain terms" Mr. Pipkin's "defenses to each claim against" him, nor does it "admit or deny the allegations asserted." Fed. R. Civ. P. 8(b)(1). The Notice is also not a motion under Rule 12, because it is not styled as a motion, does not ask the Court to do anything, and does not raise any of the permissible grounds for

4

dismissal set forth in Rule 12(b).[3] It further appears to suggest that Mr. Pipkin and the FLHC consider their claim to the Hallar Deed Area to be conclusively determined, and that Mr. Pipkin will not appear and defend the case. *See* ECF No. 19 at 4 (asserting that FLHC's claim to land is "perfected" as of December 15, 2024); *id.* at 1, 24-26 (withholding consent to "inferior court jurisdiction" and discussing the "limited authority" of an "inferior jurisdiction"). With early case management deadlines coming due in mid-February, *see* ECF No. 7 at 2, the United States would appreciate the chance to discuss with the Court how best to manage this case in a fair and efficient manner.

## CONCLUSION

Considering the circumstances described above, the United States requests that the Court set a teleconference at its earliest convenience to discuss the case with the parties.

///

///

///

---

[3] While the Notice appears to suggest that Defendants reject this Court's jurisdiction over the dispute, it does not state whether Defendants contest personal jurisdiction, subject-matter jurisdiction, or both. *See* ECF No. 19 at 1, 24-26. Nor does it present any argument on those subjects.

Dated: January 15, 2025.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　MATTHEW T. KIRSCH
　　　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　　　*s/ V. William Scarpato III*
　　　　　　　　　　　　　　　　　　　　Jennifer R. Lake
　　　　　　　　　　　　　　　　　　　　V. William Scarpato III
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　1801 California Street, Suite 1600
　　　　　　　　　　　　　　　　　　　　Denver, Colorado 80202
　　　　　　　　　　　　　　　　　　　　Telephone: (303) 454-0100
　　　　　　　　　　　　　　　　　　　　Fax: (303) 454-0407
　　　　　　　　　　　　　　　　　　　　Victor.Scarpato@usdoj.gov

　　　　　　　　　　　　　　　　　　　　Counsel for the United States of America

**CERTIFICATE OF COMPLIANCE UNDER DDD CIV. P.S. III(A)(4)**

I certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1). The pleading contains 1,334 words including footnotes and excluding the caption, signature block, certificate of service, and this certificate of compliance.

*s/ V. William Scarpato III*
V. William Scarpato III

## CERTIFICATE OF SERVICE

      I certify that on January 15, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following recipients by e-mail:

      None.

and I certify that on the same date I am causing the foregoing to be delivered to the following non-CM/ECF participants in the manner (mail, email, hand delivery, etc.) indicated by the nonparticipant's name[4]:

      Patrick Pipkin (U.S. mail and email)
      15276 Road 39.9
      Mancos, CO 81328

      P.O. Box 841616
      Hildale, UT 84784

      ambassador@flhc.com
      flhc@flhc.life
      ambassador@flhc.life
      equipsell@gmail.com
      patpip28@gmail.com

      Bryan Hammon (U.S. mail and email)
      15276 Road 39.9
      Mancos, CO 81328

      645 N. Homestead St., 1823
      Hildale, UT 84784

      ambassador@flhc.com
      flhc@flhc.life
      ambassador@flhc.life
      alaskanflyer@hotmail.com
      bhammon@go.com
      wbhamm22on@go.com

      *s/ V. William Scarpato III*
      V. William Scarpato III

---

[4] No contact information is presently known for the unidentified Defendants.