IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03301-DDD-NRN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PATRICK PIPKIN, a/k/a Patrick Leroy Pipkin, a/k/a Patrick-Leroy:Pipkin,
BRYAN HAMMON, a/k/a Bryan Hugh Hammon, and
UNKNOWN INDIVIDUALS WHO ENGAGED IN UNLAWFUL FENCING OF THE
HALLAR DEED AREA OR WHO HAVE OTHERWISE ACTED IN CONCERT WITH AN
ASSOCIATION OF INDIVIDUALS CALLED THE "FREE LAND HOLDER COMMITTEE,"

    Defendants.

## UNITED STATES' RESPONSE TO "NOTICE ACKNOWLEDGEMENT AND ACCEPTANCE OF EQUITABLE ESTOPPEL BY ACQUIESCENCE" (ECF No. 52)

The United States of America submits this response to three "Notice[s] Acknowledgement and Acceptance of Equitable Estoppel by Acquiescence" (Notices) filed by Defendants Patrick Pipkin and Bryan Hammon.[1] *See* ECF No. 52 at 2 (Notice bearing Mr. Hammon's name); ECF

---

[1] Patrick Pipkin and Bryan Hammon have referred to themselves in different ways in these proceedings. *See, e.g.*, ECF No. 36 (Mr. Pipkin identifying himself as "the man, in personam" and Mr. Hammon calling himself "the man, Bryan" during a status conference); ECF No. 52 at 2, 5 (Mr. Hammon calling himself the "man using the name :bryan: third party" and "Bryan-Hugh:Hammon, in esse"); ECF No. 52-1 at 2 (Mr. Pipkin calling himself the "man using the name :patrick:"). For clarity, the United States refers to these individuals as Mr. Pipkin and Mr. Hammon in this filing. *See also* ECF No. 51 (Magistrate Judge referring to Defendant Patrick Pipkin as "Mr. Pipkin" and Defendant Bryan Hammon as "Mr. Hammon").

1

No. 52-1 at 2 (Notice bearing Mr. Pipkin's name); *See* ECF No. 52-2 at 5 (Notice signed by "Patrick-Leroy:Pipkin" as "[Ambassador], in esse for the Free Land Holder Committee" (FLHC)).

All three Notices have essentially identical contents. They do not make any motion or ask the Court to do anything. Instead, they summarize some of Mr. Pipkin's and Mr. Hammon's earlier filings with this Court and appear to contend that the Court has consented in some way to Mr. Pipkin's and Mr. Hammon's claims to the land at issue in this case.[2] *See* ECF No. 52 at 3-4 (describing previously filed "Notice to the Court of Equitable Estoppel" and "Jurisdictional Challenge" and purporting to "acknowledge and accept the [C]ourt's acquiescent consent to the equitable estoppel on the land claim, as evidenced by the Judge's silence for approximately 145 days" on Defendants' jurisdictional challenge); ECF No. 52-1 at 3-4 (same); ECF No. 52-2 at 3-4 (same). The United States construes these filings as objections to the Magistrate Judge's July 10, 2025, Recommendation that several of Defendants' previous filings, which the Magistrate Judge construed as motions to dismiss, be stricken or denied. *See* ECF No. 51 at 10 (recommending that ECF Nos. 42 and 44 be stricken and that ECF Nos. 31, 32, and 43 be denied).

The Notices do not actually contest any legal conclusion of the Magistrate Judge. They therefore give the Court no reason to deviate from the Recommendation, which should be adopted. *See McKenzie v. City & Cnty. of Denver*, No. 21-cv-00833-PAB-STV, 2023 WL 5485625, at *5 (D. Colo. Aug. 24, 2023) (citation omitted) (ruling that an objection that did not identify what part of the recommendation it applied to "lack[ed] specificity and w[ould] be overruled"). In addition, the Court should strike ECF No. 52-2, which appears to be filed by Mr. Pipkin, who is not an

---

[2] The disputed land is the "Hallar Deed Area," which is an approximately 1,460-acre area located just north of Mancos, Colorado, managed by the U.S. Department of Agriculture, Forest Service as part of the San Juan National Forest in the National Forest System. ECF No. 1 ¶¶ 21-23 & Ex. 1.

2

attorney admitted to the bar of this Court, on behalf of the FLHC, which is not a party to this lawsuit.

**ARGUMENT**

I. **Standard of review**

In reviewing a magistrate judge's recommendation on a dispositive motion, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus the district court's attention on the factual and legal issues that are truly in dispute." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Any part of a recommendation that goes without objection may be reviewed for clear error. *See Goode v. Zavodnick*, No. 20-cv-00742-DDD-KAS, 2025 WL 1568033, at *2 (D. Colo. Mar. 18, 2025) (reviewing unobjected-to parts of Magistrate Judge's recommendation "to ensure there is 'no clear error on the face of the record'") (citing Fed. R. Civ. P. 72(b) Advisory Committee Notes); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

II. **The Magistrate Judge correctly concluded that the United States has adequately pleaded its ownership of the disputed land.**

As noted in the Recommendation, the Court must accept the United States' allegations as true at the pleadings stage. ECF No. 51 at 8. The Magistrate Judge recognized that those allegations plausibly establish the United States' ownership of the Hallar Deed Area. *Id.*; *see also* ECF No. 1 ¶¶ 1, 4, 21-23. The Magistrate Judge also observed that the deed Mr. Pipkin filed with the Court,

3

which shows "the United States of America" as the grantee, points in the same direction. ECF No. 51 at 8; ECF No. 43 at 28-30. The Notices do not contest these conclusions.

Defendants' position in this litigation appears to be that the deed does not, in fact, grant the Hallar Deed Area to the United States because of some combination of the typeface, capitalization, or presence or absence of a definite article in the grantee's name on that document. *See, e.g.*, ECF No. 31 at 1; ECF No. 32 at 2 (arguing that "[t]he land in question does not belong to UNITED STATES, United States, United States of America, or UNITED STATES OF AMERICA"); ECF No. 43 at 28 (deed granting land to "The United States of America"). Consistent with the arguments previously made to the Magistrate Judge, Defendants give no authority in their Notices to support this proposition. Nor do they give this Court any reason to doubt the Magistrate Judge's conclusion that the United States has adequately pleaded its ownership of the land.

### III. The Magistrate Judge correctly concluded that the United States has adequately pleaded violations of the Unlawful Inclosures Act.

As the Magistrate Judge has explained, the UIA prohibits "any inclosure of public land," and a "fence is the 'most common way of creating an inclosure.'" ECF No. 51 at 9 (quoting *Iron Bar Holdings, LLC v. Cape*, 131 F.4th 1153, 1167, 1168 (10th Cir. 2025)). As alleged in the Complaint, Defendants erected "miles of fenceposts and barbed wire" across the Hallar Deed Area, which is public land, without the United States' permission. ECF No. 1 ¶¶ 1, 23, 35-39 & Ex. 2. The Magistrate Judge correctly determined that "[t]his is enough to state a claim, even if, as Defendants maintain, 'all trails and road-ways have always been open.'" ECF No. 51 at 9 (citation omitted). Here again, Mr. Pipkin and Mr. Hammon do not explicitly object to the Magistrate Judge's conclusion, nor do they give any legal or factual reason to doubt it.

**IV. The Recommendation correctly recommends striking filings Mr. Pipkin tried to submit on behalf of the FLHC, which is not a party to the case.**

As the Magistrate Judge observed, ECF Nos. 42 and 44 were filed by Mr. Pipkin on behalf of the FLHC in his capacity as an "Ambassador." ECF No. 42 at 3; ECF No. 44 at 2. But Mr. Pipkin is not an attorney licensed to file briefs on anyone's behalf, nor is the FLHC a party in this case. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); D.C.COLO.LAttyR 5(a)(5) ("Only an unrepresented party or a member of the bar of this court . . . may appear in a matter before the court, sign and file a pleading or document."); *Perry v. Stout*, 20 F. App'x 780 (10th Cir. Sept. 28, 2001) ("Non-attorney pro se litigants cannot represent other pro se parties."); ECF No. 1 ¶ 8 (naming as defendants "unknown individuals who engaged in unlawful fencing of the Hallar Deed Area or who have otherwise acted in concert with an association of individuals called the Free Land Holder Committee") (citation modified). So the Magistrate Judge correctly concluded that these filings should be stricken. ECF No. 51 at 4. The Notices do not contest this conclusion, and the Court should adopt it.

For the same reasons, the Court should also strike or summarily reject ECF No. 52-2 to the extent it is a filing by Mr. Pipkin on behalf of the FLHC or is otherwise an attempt to object to the Recommendation on the FLHC's behalf.

**CONCLUSION**

The Magistrate Judge liberally construed Mr. Pipkin's and Mr. Hammon's various filings seeking to contest this Court's jurisdiction to hear the United States' claims and appropriately concluded that those filings are meritless. Mr. Pipkin and Mr. Hammon have not contested any

5

part of that conclusion, urging instead that the Court has "acquiesce[d]" in Defendants' claim to the Hallar Deed Area. Thus, the Court should overrule Mr. Pipkin's and Mr. Hammon's objections, find no clear error in the record, strike ECF No. 52-2, and adopt the Recommendation.

Dated: August 7, 2025.   Respectfully submitted,

PETER MCNEILLY
United States Attorney

*s/ V. William Scarpato III*
Jennifer R. Lake
V. William Scarpato III
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0407
jennifer.lake@usdoj.gov
victor.scarpato@usdoj.gov

Counsel for the United States of America

## CERTIFICATE OF COMPLIANCE UNDER DDD CIV. P.S. III(A)(4)

     I certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1). The pleading contains 1,518 words including footnotes and excluding the caption, signature block, certificate of service, and this certificate of compliance.

                                            *s/ V. William Scarpato III*
                                            V. William Scarpato III

## CERTIFICATE OF SERVICE

I certify that on August 7, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following recipients by e-mail:

None.

and I certify that on the same date I am causing the foregoing to be delivered to the following non-CM/ECF participants in the manner (mail, email, hand delivery, etc.) indicated by the nonparticipant's name[3]:

Patrick Pipkin (U.S. mail and email)
15276 Road 39.9
Mancos, CO 81328

P.O. Box 841616
Hildale, UT 84784

patpip28@gmail.com

Bryan Hammon (U.S. mail and email)
15276 Road 39.9
Mancos, CO 81328

645 N. Homestead St., 1823
Hildale, UT 84784

alaskanflyer@hotmail.com

*s/ V. William Scarpato III*
V. William Scarpato III

---

[3] No contact information is presently known for the unidentified Defendants.