IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:24-cv-03301-DDD-NRN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PATRICK PIPKIN, a/k/a Patrick Leroy Pipkin,
   a/k/a Patrick-Leroy:Pipkin;
BRYAN HAMMON, a/k/a Bryan Hugh Hammon; and
UNKNOWN INDIVIDUALS who engaged in unlawful fencing of the
   Hallar Deed Area or who have otherwise acted in concert with an
   association of individuals called the "Free Land Holder Committee,"

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

Before me is the recommendation of United States Magistrate Judge N. Reid Neureiter that certain documents filed by the named defendants[1] be stricken and denied. Dkt. 51. The recommendation was served on July 10, 2025, and it explains that any objections to the recommended disposition must be filed within fourteen days after its service. *Id*. at 10 (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(c)). On July 24, 2025, Mr. Pipkin and Mr. Hammon filed a document or series

---

[1] The named defendants are identified in the operative complaint as Patrick Pipkin and Bryan Hammon. *See* Dkt. 1. For clarity, I refer to them in this Order as Mr. Pipkin and Mr. Hammon, though they may wish to be addressed differently when appearing before the Court in person. *See* Dkt. 51 at 1 n.1.

- 1 -

of documents titled "Notice: Acknowledgement and Acceptance of Equitable Estoppel by Acquiescence." Dkt. 52.

Given their pro se status, I will consider this Notice as a timely objection to Magistrate Judge Neureiter's recommendation and construe the document as liberally as possible. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A district judge must conduct a de novo review of those portions of a magistrate judge's recommendation to which a party has filed timely and sufficiently specific written objections. Fed. R. Civ. P. 72(b)(2)-(3); 18 U.S.C. § 636(b)(1); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). As to those portions of the recommendation to which no timely, specific objection has been made, the district judge may review the magistrate judge's factual and legal conclusions under any standard the district judge deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Even given a liberal construction, the Notice is not sufficiently specific or comprehensible to focus my attention on what it is about Magistrate Judge Neureiter's recommendation that Mr. Pipkin and Mr. Hammon truly dispute. *See One Parcel of Real Prop.*, 73 F.3d at 1060. The Notice cites to other documents filed on January 7, January 16, and February 4, 2025, Dkt. 17, 19, 22, 27, 28, and Mr. Pipkin and Mr. Hammon seem to argue that the plaintiff and this Court are equitably estopped from disputing their contentions that (a) they own the land in dispute in this case, and (b) the Court does not have personal jurisdiction over them or subject-matter jurisdiction over the case. I have reviewed the dispositive questions de novo, and I agree with Magistrate Judge Neureiter that the allegations of the complaint are sufficient to establish subject-matter jurisdiction and to state a claim upon which relief can be granted, even if some of the facts alleged are in dispute. *See* Dkt. 51

at 8-10. To the extent Mr. Pipkin and Mr. Hammon now argue that personal jurisdiction is lacking, they appear to do so for the first time in the Notice, so that defense has been waived.[2] *See* Fed. R. Civ. P. 12(h)(1) (party waives defense of lack of personal jurisdiction by omitting it from Rule 12(b) motion); *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (issues raised for first time in objections to magistrate judge's recommendation are deemed waived); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (pro se parties must follow same rules of procedure that govern other litigants, and court cannot act as their advocate by searching the record for arguments). And to the extent the Notice argues that the Court is estopped from adjudicating the case or denying Mr. Pipkin's and Mr. Hammon's motions, that argument is unpersuasive and incorrect.

Since the rest of the Notice does not preserve any other specific issues for de novo review, I may review the remainder of Magistrate Judge Neureiter's recommendation under any standard I deem appropriate. *Summers*, 927 F.2d at 1167. I have reviewed the remaining parts of the recommendation to satisfy myself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b) Advisory Committee Notes. Based on that review, I have concluded that the recommendation is a correct application of the facts and the law.

---

[2]   Even if the argument were not waived, I would find that the plaintiff has satisfied its light burden, at this preliminary stage of the litigation, of making a prima facie showing that the Court has personal jurisdiction over Mr. Pipkin and Mr. Hammon. *See* Dkt. 1 at 1, 3-4, 11, 14; *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056-57 (10th Cir. 2008); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069-70 (10th Cir. 2008); *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

Accordingly, it is **ORDERED** that:

To the extent the "Notice: Acknowledgement and Acceptance of Equitable Estoppel by Acquiescence," **Dkt. 52**, filed by Mr. Pipkin and Mr. Hammon is an objection to Magistrate Judge Neureiter's recommendation, it is **OVERRULED**, and to the extent it is a motion, it is **DENIED**;

The Report and Recommendation on Defendants' Motions to Dismiss (ECF Nos. 31, 32, 42, 43, & 44), **Dkt. 51**, is **ACCEPTED** and **ADOPTED**;

The "Formal Challenge to this Court's Jurisdiction," **Dkt. 42**, and "Formal Challenge to this Court's Jurisdiction," **Dkt. 44**, filed by Mr. Pipkin on behalf of the Free Land Holder Committee are **STRICKEN**; and

The "FORMAL CHALLENGE TO THIS COURTS JURISDICTION," **Dkt. 31**, filed by Mr. Hammon and "Formal Challenge to this Courts Jurisdiction," **Dkt. 32**, and "Formal Challenge to this Courts Jurisdiction Amended Novel Approach," **Dkt. 43**, filed by Mr. Pipkin are **DENIED**.

DATED: August 7, 2025

BY THE COURT:

Daniel D. Domenico
United States District Judge