FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
26 JUL -8 PM 4:57

**:bryan:, Free Land Holder**
**Native American Habitant**
**STATE OF UTAH: PATENT: No. 20977**
**Locate in the Guadalupe Hidalgo Treaty of May 30th 1848: and ceded to "The United States of America"**
**[Third Organic Law - Lawful] [Second Organic Law - Legal]**

**Special Cause**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

Plaintiff,

v.

PATRICK PIPKIN, a/k/a Patrick Leroy Pipkin, a/k/a Patrick-Leroy: Pipkin, BRYAN HAMMON, a/k/a Bryan Hugh Hammon, and UNKNOWN INDIVIDUALS WHO ENGAGED IN UNLAWFUL FENCING OF THE HALLAR DEED AREA OR WHO HAVE OTHERWISE ACTED IN CONCERT WITH AN ASSOCIATION OF INDIVIDUALS CALLED THE "FREE LAND HOLDER COMMITTEE,"

Presenter(s).

Cause No. 24-cv-03301-DDD-NRN[1]

Choice of Law
*American Exclusive Equity Jurisprudence*

*Judicial Cognizance*

**Presentment of Repudiations, Exceptions, Tolling of Time, Substance over Form, and Non-Waiver Regarding PLAINTIFF's REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND ENTRY OF PERMANENT INJUNCTION AS TO PATRICK PIPKIN AND BRYAN HAMMON [ECF No. 110], RELATING TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 59]**

living soul[2], "man" :bryan:, third party intervener, free habitant, peace being disturbed, preexisting exclusive equitable rights and claims being trespassed upon, and current exclusive equitable rights and claims, including exclusively equitable estoppels being trespassed upon; all ultra vires.

## Presentment of Repudiations, Exceptions, Tolling of Time, Substance over Form, and Non-Waiver Regarding PLAINTIFF's REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND ENTRY OF PERMANENT INJUNCTION AS TO PATRICK PIPKIN AND BRYAN HAMMON [ECF No. 110], RELATING TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 59]

Presenter, proceeding by special, limited-purpose presentment, gives notice of repudiations, exceptions, tolling of time, substance over form, and non-waiver regarding Plaintiff's "Reply in Support of Motion for Summary Judgment and Entry of a Permanent Injunction as to Defendants Patrick Pipkin and Bryan Hammon" [ECF No. 110], relating to Plaintiff's Motion for Summary Judgment [ECF No. 59]. Presenter lodges this presentment in substance over form so that the Court's ordinary motion-response-reply sequence is not applied to bypass the unresolved pre-existing rights, asserted rights and claims, perfected equitable title by nature, and perfected equitable estoppels previously lodged into this cause.

### Choice of Law

The presenters' choice of law is invoked and evoked as the Creator's exclusive eternal primary usufruct law-form found in the Geneva Bible of 1560, including text and marginal notes, and no other versions or other spiritual writings as further expressed in the Jurisprudence of Exclusive Equity refined by the American founders, and expressed in the Organic Laws for America being the Articles of Association of 1774, the Declaration of Independence of 1776 ("...Supreme Judge of the World for the rectitude of our intentions..." / sacred honor), and the Articles of Confederation of 1777–1781 ("...Great Governor of the World..." / sacred honor), expressing the intent and spirit of the eternal covenantal law. Generally, in all causes (matters) in which there is any conflict or variance between the rules of (exclusive) equity and the law with reference to the same cause (matter), the rules of (exclusive) equity shall prevail. For administrative ease only, and without waiver of choice-of-law, standing, or jurisdictional exceptions. See [ECF 73] page 29 line 8-16)

### Judicial Cognizance

Court of Conscience, proceeding in honor and good faith. This presentment invokes and evokes the jurisprudence of exclusive equity for America and is lodged in honorable conscience. Square brackets [ ] within this presentment contain non-operative citations and refers to inferior constructs of "M"an-made law for administrative ease only; such brackets do not consent to jurisdiction or waive the exclusively equitable jurisprudence and forum required in this cause. Presenter invokes and evokes the Court's exclusive equity forum, seeking honorable remedies and cure measured by exclusive equitable intent and honest dealing, including clean hands and completeness of justice. This lodging does not invoke inferior, purely rule-bound administrative or commercial procedure where it would frustrate complete justice of the jurisprudence of exclusive equity for America and sacred honor, and it preserves Presenter's jurisprudence by the Magistrate Judge N. Reid Neureiter's acceptance of lawful consideration, being 12 one-ounce silver coins as lawful consideration ["non-cash collateral"] (see [ECF No. 25], [ECF No. 29]), (see [ECF No. 73] Page 29 line 3-11, Presenter provides lawful consideration in good faith), (see [ECF 73] page 27 line 2-7, in exclusive equity. that's what I do, that's who we are,

and we are being that, "And you'll see that in the notices". (equitable principle: Honest measures require honest services), (equitable principle: As a matter of fairness and fiduciary integrity, honest services must be performed through honest means).

Docket nomenclature is used for administrative ease only: lodgings which may appear on the docket as ["motions"] are lodged by Presenter as presentments in the jurisprudence of exclusive equity for America. Use of terms by the Court or [Plaintiff], including but not limited to ["motion," "petition," "defendant," "pro se", "individual", and "order", etc.] are expressed in an inferior jurisdictional legalese for public contractual administration, and no contracts have been placed upon the record of the court by [Plaintiff]. Such terms are "M"an-made construct-of-law, proprietary at-law nomenclature and not those of Presenter's choice of law. (see [ECF No. 73] page 31 line 2-25), "The man "patrick: and the man :bryan: declared an honorable and equitable consideration for the living man, accepted by the court, with no objection from [Plaintiff].

**Presenter**

The men of the Free Land Holder Committee ("FLHC"), male and female in Nature[3], present and steward the perfected usufruct land claim creating an equitable title by Nature in this cause. Included among them are the Ambassador, usufructuary of the graciously gifted name :bryan:, with the granted family name Hammon, hereinafter "Presenter."

Presenter presents as a spiritually discerned "man,"[4] an Ambassador for everlasting peace, ministering a perfected usufruct beneficial-use claim to land of "The United States of America" within the boundary of the Treaty of Guadalupe Hidalgo, 1848, under exclusive equity and sacred honor. Presenter does not present as a sovereign citizen, enemy combatant, and does not present as a revolutionary, and does not present as one demanding religious conversion. Presenter presents to bear witness to the primary usufruct L.A.W. of L-and, A-ir, and W-ater, and to pre-existing rights, asserted rights and claims beginning approximately 1899, still in beneficial use today, to preserve the perfected usufruct land claim and the perfected exclusive equity estoppel, and the perfected equitable title by Nature previously lodged into this cause, and to present that the Court has a duty to examine and cognize these unresolved threshold issues before entering a summary judgment or permanent injunction as sought by the [Plaintiff].

Presenter stands as witness in everlasting peace, and bears record in honor, not as owner, not as a commercial or administrative title holder in the possessory sense, and not as a legal fiction, but as Presenter, minister, and Ambassador for the Free Land Holder Committee in everlasting peace.

Presenter's ministry is grounded in the primary usufruct L.A.W. of L-and, A-ir, and W-ater, and in the principle that the first usufruct land gifted to "man"[5] is the sanctuary biological temple formed from the ground and animated by the Creator's breath. Presenter therefore presents in ministry, testimony, correspondence, notice, and lawful duty under special sacred (usufruct) trust, including duty related to the united "States of America" and to "The United States of America." (see [ECF No. 94-3] Attachment 14 – Declaration of Independence – Stile and Title), (see [ECF No. 93-4] Attachment 4 – Articles of Confederation – Stile and Title).

Presenter and other living "men", male and female in Nature, hold and have held pre-existing and asserted rights and claims upon the usufruct land of this cause since approximately 1899. Said rights and claims are presented as beneficial-use ministry, exclusive equity stewarding, and sacred duty; having equitable rights to maintenance of said pre-existing rights, and not presented as a dishonorable exclusion against all others making use of customary easement (see [ECF No. 107] Attachment 48., 49., 50., 51.), (see ECF 93-1] Attachment 1.), (see [ECF No. 93-5) Attachment 5., and [ECF No. 93-6] Attachment 6.).

Presenter does not act as an individual, resident, citizen, corporate actor, association, legal fiction, public surety or a.k.a., or any other construct created by "Man"-made law for public contractual administration (see [ECF No. 93-2] Attachment 2). Presenter does not present for coercion, confrontation, or destruction of lawful government function. Presenter presents to [Plantiff] and to the court for restoration of proper lawful order, preservation of long-standing, well-settled land law foundational to our country, honest measures and honest services, complete justice, and everlasting peace and sacred honor.

No agency is accepted from without, no franchise is entered into, and no submission is made to any inferior jurisdiction, only to the choice of law by Presenter, the Free Land Holder Committee, or the other men and women entitled to rights and interests of the land of this cause, and further, as being from polygamous marriage, culture and heritage, Presenter is prohibited forever from the United States and United States of America as a further obstacle for [Planitiff] cause to impose a joinder, public surety, U.S. citizen, U.S. person, or U.S. individual upon the living man :patrick: or the FLHC Ambassador Patrick-Leroy:Pipkin. (see [ECF No. 94-9] Attachment 20. – Utah Enabling Act of 1894 – Sec. 3 – Article "The First" and Article "The Second" – Prohibited Forever), (see [ECF No. 93-2] Attachment 2. – Declaration of Testimonial Truth :bryan: private).

Presenter, the spiritually discerned living-soul commonly known as :bryan:, under covenant and not in representation, and without waiving prior claims or pending challenges to subject-matter jurisdiction, in personam jurisdiction, or any artificial legal capacity presumed upon the sanctuary biological temple of the living "man", male in Nature, presents this special, limited-purpose presentment solely to gift notice of a tolling of time, and preservation of all prior presentments and estoppels of the living man :bryan:, Bryan-Hugh:Hammon as Ambassador for the FLHC, and maintaining an honorable clarity in the court record.

This presentment is lodged for the Court's conscience, exclusive equity consideration, and honorable ministration of the record. Presenter does not waive any prior presentments, notices, estoppels, exceptions, jurisdictional exceptions, capacity exceptions, title exceptions, or notices of honorable remedy and cure previously lodged in this cause.

**1. Conscience and exclusive equity invocation**

**1.1.** Presenter presents the disputation for the Court's exclusive equity cognizance: whether [Plaintiff] can be heard to demand summary judgment and permanent injunctive remedy while the exclusive equity estoppel, perfected usufruct land claim, the customary presentment and examination process for any previous, equal, or superior claim (title), [Plaintiff] not appearing in the chain of title summary report, the perfected beneficial-use ministry, Presenter's pre-existing rights, asserted rights and claims with the right to maintenance of said rights, and all related threshold matters which remain unanswered, unresolved, unsettled, and not overcome by [Plaintiff] with any substantive evidence upon the record of the court.

**1.2.** Presenter does not present for the Court to adjudicate theology or compel religious agreement. Presenter presents that the Court shall cognize the legal and equitable consequence of the long-standing and well settled land law that is foundational to our country, the prior exclusive equity estoppel presentments and processes, the perfected usufruct land claim, and the unanswered demand for any previous, equal, or superior title pertinent to [Plaintiff's] cause.

**1.3.** Presenter presents as an Ambassador for everlasting peace and for the Free Land Holder Committee as holder of a perfected equitable title by nature. The purpose of this presentment is not confrontation, coercion, or destruction of lawful government function, but restoration of proper lawful relations, honest measures and honest dealing, and complete justice before any trespass or permanent injunction could be considered.

**1.4.** Presenter presents that any claim by [Plaintiff] regarding its title, authority, and standing without the required Congressional authorization over lands of "The United States of America, or acknowledging the existing equitable estoppel, proper delivery location, insufficient delivery and service notice, and non-waiver shall be addressed before any remedy operates against Presenter, or the pre-existing rights, asserted rights, and equitable claims presented in the court record. [Federal Rules of Civil Procedure, Rule 5, 2(B)(F) "delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.")

**1.5.** On February 4th, 2025 , the living man :patrick: and the living man :bryan: under exclusive equity appeared in personam, with good reason and good conscience for private communication and correspondence with Magistrate Judge N. Reid Neureiter, a neutral third party. Also present was US Attorney Jennifer Lake. During this meeting the living man patrick gave notice that it was his choice of law, being exclusive equity, that was the reason the living man was present. "And I am here in exclusive equity and sacred honor. That's why the man is here. I want to be clear with that.". The Magistrate, as a neutral party to the cause, in response said:

"Well, I appreciate -- I appreciate the man showing up today". (see [ECF No. 73] Court Transcripts – page 19 line 11-16).

This is an acknowledgement by the court, as a neutral party to the cause, of proper juris and standing for the living man :patrick: of which the [Plaintiff] provided no objection to (nor provided any objection to throughout this entire cause).

**1.6.** On February 4th, 2025 Presenter appeared in personam, with good reason and good conscience for private communication and correspondence with Magistrate Judge N. Reid Neureiter, a neutral party, also present was US Attorney Jennifer Lake. During this meeting the Magistrate Judge advised the living man :patrick::

"Tell you what, you can reserve all rights." (see [ECF 73] Court Transcripts – page 20 line 9-25.

"OK. Well, reserve all your rights and say, look, I'm not waiving any rights about my birth certificate, and I'm not admitting that my name is this, but I'm The Man Patrick." (see [ECF No. 73] Court Transcripts – page 20 line 9-25, page 21 line 1-11). With all due respect, Magistrate N. Reid Neureiter, as a neutral party to the cause, assured the living man :patrick: he could reserve all of his rights and would not have to admit to the name of the Defendant. Magistrate Neureiter also accepted the lawful consideration (12 one ounce silver coins) from the living man :patrick:

**1.7.** The living man :bryan: is declared by his mom: (see [ECF 63-3] Declaration of Testimonial Truth)

**1.8.** The livng man :patrick: is declared by his mom: (see [ECF 66] Attachment 3 - Declaration of Testimonial Truth :patrick: private - Attachment 3, paragraph 3, 4, and 5)

**2. Substance over form and preservation outside general motion-response-reply sequence**

**2.1.** Presenter gives notice that this presentment is special, not general, and lodged in substance over form to give notice of exceptions and to preserve the previous record of Presenter. Presenter does not lodge this presentment to multiply paper, evade orderly ministration, or relitigate settled issues by mere repetition.

**2.2.** Presenter lodges this presentment because the substance of the cause remains unexamined, uncognized, and unresolved on the record of the court: with such substance being the pre-existing and asserted rights and claims of Presenter since approximately 1899

including the right to access the land of this cause to maintain such rights, the perfected usufruct land claim of the FLHC, the perfected exclusive equity estoppel presentments lodged onto the record of the court, the customary demand for a previous, equal, or superior title claims, the beneficial-use ministry, the corner cap notices, and the non-waiver of prior presentments have not yet been competently examined nor overcome on the record by [Plaintiff] resulting in uncured fatal defects to [Plaintiff's] unsupported claim of title, leaving no honorable remedy or cure existing for [Plaintiff], and excepts to any judgment of trespass or permanent injunction and obstruction.

**2.3.** Presenter excepts to any application of a rule, based in procedural form that would treat [Plaintiff's] motion-response-reply sequence as sufficient to extinguish, bypass, or ignore the substance of the previously lodged exclusive equity estoppel presentment, and the pre-existing and asserted rights and claims of Presenter; the living-soul man :bryan:.

**2.4.** Presenter's position is that a "Man"-made rule of docket sequence cannot be used to convert the unsettled threshold issue of perfected equitable estoppel into silence, non-response, waiver, abandonment, or forfeiture. Exclusive equity looks to substance rather than form, and the jurisprudence of exclusive equity for America requires the substance of the perfected usufruct land claim upon land of "The United States of America" and all Presenter's pre-existing and asserted rights and claims to be honorably examined, and the jurisprudence determined and verified before any permanent injunctive remedy against Presenter or against any of his pre-existing and asserted rights and claims can be considered.

**2.5.** As the Court determines this presentment as outside the ordinary motion-response-reply sequence, Presenter presents that it shall be accepted and acknowledged as notice of preservation, a threshold estoppel presentment, notice of exceptions, non-waiver, and exclusive equity cognizance, not as a dishonorable attempt to enlarge the briefing.

**2.6.** Presenter further presents that procedural form shall not defeat the substance of the unresolved issue: whether [Plaintiff] has brought forward a previous, equal, or superior title with its claim that is sufficient to overcome the perfected usufruct land claim and the exclusive equity estoppel upon land of "The United States of America" which has already been lodged into this cause.

**2.7.** Presenter preserves the position that the ordinary motion-response-reply sequence is an administrative rule of form and not applicable to the Presenter's choice of law, or to the jurisprudence that customary exclusive equity land claims are made. Such administrative and contractual procedure cannot honorably remedy or cure [Plaintiff's] missing evidence of superior or equal title, cannot remedy or cure an unanswered estoppel, cannot transform a reply into a previous, equal, or superior title, and cannot extinguish a perfected equitable title by Nature (usufruct) or its beneficial-use ministry presented under exclusive equity and sacred honor upon the land of "The United States of America". (see [ECF No. 93-3] Attachment 3. – Fred C. Hallar Deeds – Stile and Title conveyed to "The United States of America), (see [ECF No. 93-4] Attachment 4. – Articles of Confederation – see Stile and Title – Article I.). (See ECF No. 93-9] Attachment 9. – Notice of Claim, Notice of Perfected Claim and Equitable Estoppel) and (see [ECF No. 93-10] Attachment 10. – Photos of Public Postings US Post Offices). Proofs for the creation of Equitable Title by Nature through public notice and no superior title provided by challenger(s) to Presenter, including none presented by [Plaintiff].

**2.8.** Presenter therefore presents this notice so that the court record reflects that the substance of the threshold estoppel, equitable title by nature, beneficial-use ministry, pre-existing rights, asserted rights and claims, and non-waiver and exception issues remain preserved and unresolved, regardless of the procedural form asserted upon this presentment by [Plaintiff].

### 3. Nature of the perfected usufruct land claim

**3.1.** Presenter gives notice that the perfected usufruct land claim is not presented as a commercial title claim in the possessory sense. It is presented as a free land holder of a perfected claim of beneficial use, stewarding, ministry, and the exclusive equity duties articulated in the principle of the Geneva Bible of 1560 under the Creator's primary usufruct L.A.W. of L-and, A-ir, and W-ater. And expressed in the Articles of Association (see [ECF No. 107] Attachment 53. – Articles of Association, 1774 – First organic law for America - Article I - bottom of page 10 – as the right to Life, Liberty and Property).

**3.2.** Presenter gives notice of the position that the perfected usufruct land claim operates as an earthly mirror-image presentment of the original sacred trust (usufruct) covenant between "man" and the Creator: "man" is formed from the ground, animated by the Creator's breath, and charged with beneficial use, care, increase, and faithful stewarding of sacred creation. (see Geneva Bible 1560 - Genesis 2:7 and Genesis 1:26).

**3.3.** Presenter gives notice that the perfected usufruct claim is not a demand for private dominion to the exclusion of all others. It is a claim of beneficial use as a free land holder, exclusive equity stewarding, presented to preserve everlasting peace, prevent waste, honor pre-existing and asserted rights and claims of Presenter, and require that any party claiming superior authority to bring forward for examination and determination, a previous, equal, or superior evidence for claim of title.

**3.4.** Upon Presenter reading Public Law 97-280 and 96 Stat. 1211, discovered that the congressional cognition of Biblical teachings have had formative influence upon American civil government and that there exists a national need to study and apply the teachings of the Holy Scriptures. Presenter does not present Public Law 97-280 as a land grant, patent, deed, or independent conveyance of title.,

but rather a notice that [Plaintiff] already agrees with Presenter for the need to understand and apply scriptural sacred honor in matters of governance.

**3.5.** Presenter further gives notice that the perfected usufruct land claim upon land of "The United States of America", was presented in the posture of covenant, conscience, and exclusive equity and sacred honor: a claim for beneficial use under sacred stewarding, not a commercial title claim in the possessory sense.

**3.6.** Because the perfected usufruct land claim is grounded in beneficial use and exclusive equity stewarding, [Plaintiff's] summary-judgment request cannot be resolved justiciably by mischaracterizing Presenter's claim as a mere private possessory title, trespass, or obstruction. The threshold question remains whether [Plaintiff] has brought forward a previous, equal, or superior claim of title sufficient to overcome the perfected usufruct land claim upon land of "The United States of America"; and the exclusive equity estoppel previously lodged into this cause, including Presenter's pre-existing and asserted rights and claims, and the legal and equitable right to maintain them without harassment, unjust enrichment and disturbance of the peace of the living man :patrick: and the Free Land Holder Committee and the other living men and women being harmed by [Plaintiff's] cause.

**3.7.** Presenter therefore excepts to any ruling that bypasses the nature of the perfected usufruct land claim, ignores its beneficial-use nature or treats it as extinguished without settling the prior exclusive equity estoppel presentment. (see [ECF No. 52, ECF No. 56, ECF No. 57 and ECF No. 58]).

**4. Threshold unresolved exclusive equity claim and estoppel presentment**

**4.1.** Presenter gives notice that on or about January 7, 2025, the Free Land Holder Committee (holding perfected equitable title by nature, thereby entitled to protective covenants) lodged notice into this cause of the exclusive equity estoppel arising from the perfected usufruct land claim upon land of "The United States of America". That equitable notice was not merely a general objection and was not merely a procedural response. It was an exclusive equity estoppel presentment arising from the perfected usufruct land claim. (see [ECF No. 93-9] Attachment 9.), (see [ECF No. 93-10] Attachment 10.), and (see [ECF 93-4] Attachment 4. – Articles of Confederation – Article I. – see stile and title), (see [ECF No. 94-20] Attachment 31. – Statutes at Large – Articles of Confederation – Article I. – page 6 - see stile and title), (see [ECF No. 93-3] Attachment 3. – Fred C. Hallar Deeds – see stile and title), (see [ECF No. 94-15] Attachment 16 – Constitution of the United States and United States of America – page 3 – first paragraph at the top - see difference in stile and title), and (see [ECF No. 107] Attachment 32. – Statute at Large - Constitution of United States and the United States of America – page 6 at the top, first paragraph - see difference in stile and title).

**4.2.** In the presentments of 4.1 above, the Free Land Holder Committee gifted the [Plaintiff] an extension of the exclusive equitable customary time period for a claimant to bring forward any previous, equal, or superior title sufficient to overcome the perfected usufruct land claim upon land of "The United States of America". This same exclusive equitable time had been gifted to the general public before the presentment was lodged into this cause; from October 12th, 2024 until December 15th, 2024; including an extension for the public and for UNITED STATES OF AMERICA until January 31st, 2025. Several other extensions have been requested by and provided to [Plaintiff].

**4.3.** Presenter gives notice of the position that, as of the date of this presentment, no previous, equal, or superior claim of title has ever been brought forward by [Plaintiff], United States, United States of America, UNITED STATES, THE UNITED STATES OF AMERICA, the Court, or any other party in answer to the customary perfected claim and equitable estoppel presentment lodged upon the record of the court on or about January 7, 2025 (see [ECF No. 17, ECF No. 19), and lodged again February 4, 2025 (see [ECF No. 27 and ECF No. 28]. The disputation therefore remains whether [Plaintiff] can be heard to demand a summary judgment and permanent injunctive remedy while the perfected usufruct land claim upon land of "The United States of America", the 60 day exclusive equitable time frame to challenge title (plus an additional extension until January 31st, 2025, and the unanswered demand for a previous, equal, or superior claim of title remain unresolved, and not overcome with certified or authenticated evidence on the record of the court.

**4.4.** The customary, long-standing and well-settled land law foundational to our country regarding public notice requires that the [Plaintiff] and any other party challenging the perfected usufruct land claim bring forward a previous, equal, or superior title, authority, or evidence sufficient to overcome the perfected usufruct land claim upon land of "The United States of America" by the Presenter and the FLHC within 61 days, as the first day isn't considered a full day.

**4.5.** Presenter gives notice of the position that no previous, equal, or superior title was ever brought forward, with evidence lodged upon the record of the court, in answer to the equitable title by nature presentments of the perfected land claim, and that the Court has not settled, resolved, denied, discharged, or otherwise overcome the exclusive equity estoppel lodged by Presenter. Nor has proven jurisdiction over the subject matter, or over Presenter as an FLHC claimant, the FLHC, or the holders of the pre-existing and asserted rights and claims upon the land of this cause since approximately 1899.

**4.6.** With all due respect to the court and to [Plaintiff], Presenter's Ambassador posture does not alter the threshold issue. It clarifies that Presenter's purpose is restoration of everlasting peace through complete and honorable justice, and settlement of the unsubstantiated claim of [Plaintiff], and is not coercion, defiance, or any dishonor to general administrative court process.

**4.7.** Presenter therefore excepts to any interpretation of [ECF No. 59] or [ECF No. 110] as sufficient to bypass, ignore, or impliedly extinguish the previously lodged Actual Notice of Perfected Claim, its included equitable estoppel, or to any well-established pre-existing and asserted rights and claims of the living man :patrick:, including the other living men and women similarly situated.

**4.8.** Presenter further excepts to any entry of summary judgment or permanent injunction before the Court first determines whether [Plaintiff] has overcome the perfected usufruct land claim and the exclusive equity estoppel previously lodged into this cause.

**4.9.** Presenter excepts to [Plaintiff's] and the court's silence on the equitable substance of this cause as a substitute for honorable settlement. (equitable doctrine: One cannot benefit from one's silence when there is a duty to respond). Presenter presents that the Court shall cognize that the exclusive equitable estoppel remains an unresolved threshold issue because it has not been examined upon the record of the court nor has been answered, settled or overcome by a previous, equal, or superior claim of title on the record of the court. Further, [Plaintiff[ has not entered any certified or authenticated evidence in support of its claim upon the record of the court.

**4.10.** Because [ECF No. 59 and ECF No.110] do not bring forward a previous, equal, or superior title sufficient to overcome the perfected usufruct land claim by Presenter and FLHC upon land of "The United States of America", Presenter excepts [ECF No. 59 and ECF No. 110] as sufficient to overcome the perfected equitable estoppel by Presenter and the FLHC.

**5. Corner cap notice, seal, nature of Presenter's claims**

**5.1.** Presenter gives notice that the corner caps and boundary markers of the perfected usufruct land claim state "Exclusive Equity and Sacred Honor" and bears the Free Land Holder seal.

**5.2.** Presenter gives notice that these corner caps and markers do not evidence a commercial, real-estate, or real-property title claim, nor are the corner caps evidence of any coercive exclusion, threat, violence, or rebellion. The corner caps evidence notice of a perfected usufruct beneficial-use ministry, lodged by an Ambassador for everlasting peace in exclusive equity and sacred honor for the living men and women who are all similarly situated among the FLHC as free land holders of record with evidence of land patent in hand.

**5.3.** [Plaintiff's] own summary-judgment exhibits acknowledge that a corner cap of the land in this cause was observed on the claimed boundary bearing the words "Free Land Holder, Exclusive Equity and Sacred Honor." [Plaintiff] also acknowledged that additional metal stakes and markers were observed. That acknowledgment matters because it shows the claim was openly noticed and not concealed. (see [ECF No. 59, Plaintiff's] Exhibit 8 – Phil Strehle Declaration – page 6 section 10, and page 7 section 11 – including photo attachments)

**5.4.** Presenter gives notice that the words "Exclusive Equity and Sacred Honor" are material to the nature and character of the claim. Those words identify the claim as one of conscience, usufructuary ministry, beneficial use, stewarding, good faith, and notice by an Ambassador for everlasting peace; not as a commercial title claim or any forcible and dishonorable attempt to exclude all others involved in customary use.

**5.5.** Presenter therefore excepts to any characterization of the corner caps, seal, or boundary markers as self-proving evidence of unlawful possession, trespass, intimidation, or obstruction on land of "The United States of America". No evidence is upon the record of the court that the corner caps were upon public lands of the United States as is required in the Unlawful Inclosures Act (see stile and title United States and the United States of America), (see [ECF No. 107] Conventionally submitted material on flash drive, see Attachment 34.); providing evidence to [Plaintiff] and the court that the Unlawful Inclosures Act does not apply to land of "The United States of America". (see [ECF No. 107] Conventionally submitted material on flash drive, see Attachment 54., Notice: West Virginia v. Environmental Protection Agency et al); providing evidence that [Plaintiff] (or any of its agencies) require Congressional authorization.

**5.6.** Presenter further excepts to any ruling that treats the corner caps and markers as evidence of unlawful conduct while refusing to acknowledge the stated words, the seal, the jurisprudence of the claim, and the notice function, including the relation to the previously lodged exclusive equity estoppel presentment, and the other honorable lawful pre-existing and asserted rights and claims of Presenter.

**5.7.** Presenter presents that the inscription "Exclusive Equity and Sacred Honor" creates a substantive and material issue of intent and purpose including the nature and character within Presenter's choice of law. The Court should not accept [Plaintiff's] characterization of the markers without first determining whether the markers were peaceful and honorable notices of claim, jurisprudential and jurisdictional boundary notices for the public as evidence of the perfected usufruct beneficial-use ministry, Presenter's pre-existing and asserted rights and claims since 1899; claims that the US Forest service has been well aware of for approximately 20 years; including fences, right of ways, water ditches and gate systems, diversion points, pipes and culverts, cattle guards and braces, cultivation, cattle grazing and farming, and access roads for maintenance of the same upon the land of "The United States of America". (see [ECF No.

107] Conventionally submitted material – Attachment 23. - Communication with the U.S. Forest Service - U.S. Department of Agriculture)

**5.8.** Presenter further gives notice that the corner caps and Free Land Holder seal support the threshold issue already before the Court: whether [Plaintiff] has answered with sufficient certified and authenticated evidence upon the record of the court to overcome the perfected usufruct claim and equitable title by nature upon land of "The United States of America" by bringing forward a previous, equal, or superior title. Such land of this cause having been conveyed to a juris outside the jurisdiction of [Plaintff]. (see [ECF 93-4] Attachment 4. – Articles of Confederation – Article I. – see stile and title), (see [ECF No. 94-20] Attachment 31. – Statutes at Large – Articles of Confederation – Article I. – page 6 - see stile and title), (see [ECF No. 93-3] Attachment 3. – Fred C. Hallar Deeds – see stile and title), (see [ECF No. 94-15] Attachment 16 – Constitution of the United States and United States of America – page 3 – first paragraph at the top - see difference in stile and title), and (see [ECF No. 107] Attachment 32. – Statute at Large - Constitution of United States and the United States of America – page 6 at the top, first paragraph - see the differences in stile and title).

### 6. Declaration of standing for living man :patrick: and the living man :bryan:

**6.1.** On or about September 10, 2025, [Plaintiff] lodged [Plaintiff's] Motion for Summary Judgment [ECF No. 59].

**6.2.** [Plaintiff's] motion sought summary judgment for trespassing and a permanent injunction relating to the lands [Plaintiff] refers to as the "Hallar Deed Area" and also claims to be the "owner" of same.

**6.3.** Presenter previously lodged presentments and notices addressing [Plaintiff's] Motion for Summary Judgment and related materials, including (see [ECF Nos. 64, 65, 66, 71, and 72]).

**6.4.** Presenter further gave notice by lodging presentments on the record of the court on or about February 2, 2025, and references the record at (see [ECF Nos. 75, 76, 77, 78, 79, and 80]). These following lodgings were required as a result of the clerk of the court making mistakes handling Presenter's lodging of presentments (see [ECF No. 86, 87, 89, and 91]).

**6.5.** Presenter states that prior materials were also hand delivered by the living man :patrick: and the living man :bryan: to counsel for [Plaintiff], including Victor William Scarpato III and Jennifer Lake, after communications and correspondence by email and telephone.

**6.6.** On or about June 24, 2026, [Plaintiff] lodged [ECF No. 110], styled as a reply in support of [Plaintiff's] request for summary judgment and permanent injunction.

**6.7.** Presenter excepts that [ECF No. 110] cures the defects to: title, capacity, authority, insufficient delivery of [ECF No. 59] and [ECF No. 62], and that is somehow overcomes Presenter's equitable estoppel, or overcomes all the lack of certified or authenticated evidence on the court record to substantiate the claims of [Plaintiff] as previously identified by Presenter.

### 7. Repudiations

**7.1.** Presenter repudiates any assertion that the perfected usufruct land claim is a commercial title claim detached from ministry, beneficial use, covenant, conscience, exclusive equity, sacred honor, and exclusive equitable duty.

**7.2.** Presenter repudiates any assertion that the Free Land Holder Committee's perfected claim is merely a self-proclaimed possessory claim. Presenter gives notice that the claim is a perfected usufruct beneficial-use claim, creating an equitable title by nature, relying upon the long-standing, well-settled land law of our country, further grounded in pre-existing rights, asserted rights and claims, equitable estoppel, exclusive equity stewarding and ministry of L-and, A-ir, and W-ater. (see [ECF No. 107] Conventionally submitted material on flash drive, see Attachment 34. – Unlawful Inclosures Act of Public Lands – page 3, Section 1, first paragraph – "claim made in good faith", and "claim or color of title made or acquired in good faith or asserted right", and pre-existing rights, and asserted rights and claims of the living man :patrick; since approximately 1899 upon land of "The United States of America"), {(also see [ECF No. 97] Order, (see [ECF No. 94-23] Attachment 34. (please see physical authenticated certificated paper filing stored in clerk's office))}.

**7.3.** Presenter repudiates any assertion that [ECF No. 110] supplies any new substantive or material evidence sufficient to overcome Presenter's prior presentments, exceptions, notices, estoppels, pre-existing rights, asserted rights and claims, exclusive equitable rights, nor does it prove:

A.) that [Plaintiff] can trespass Presenter:

- on his own pre-existing and asserted rights and claims,
- his right to access the land of this cause in order to maintain such rights,
- against land of "The United States of America" under the "Great Governor of the World" (sacred honor) within the jurisprudence of exclusive equity for America, while lacking Congressional authorization to do so,

B.) That [Plaintiff] can prevent or remove fencing under the Unlawful Inclosures Act

- upon lands not proven by title to be public lands of United States and the United States of America
- without Presidential authorization to act or to have the fencing removed.

(see [ECF No. 97] Order, (see [ECF No. 94-23] Attachment 34. – page 4, section 5. (please see physical authenticated certificated paper filing stored in clerk's office)).

**7.4.** Presenter repudiates any assertion that [Plaintiff] has proven equal, superior, or previous title sufficient to overcome the perfected usufruct land claim and the exclusive equity estoppel lodged by Presenter.

**7.5.** Presenter repudiates any assertion that [Plaintiff] may obtain permanent injunction without first answering or overcoming the perfected usufruct land claim, including the nature of its beneficial-use, the stewarding nature under exclusive equity, and its relation to the prior exclusive equity estoppel presentments.

**7.6.** Presenter takes exception to any assertion that [Plaintiff] has established upon the record of the court, any lawful or legal authority over the lands lawfully described on the face of the Fred C. Hallar deeds, as land of "The United States of America", dated March 24, 1927, without first proving the [Plaintiff's] position within the chain of title to the land, proving the [Plaintiff's] authority over the controlling stile and title "The United States of America", proving [Plantiff's] honorable right to assert authority to administer or enforce against the lands of this cause, or proving that [Plantiff] has the Congressional authorization to do so.

**7.7.** Presenter repudiates any assertion that [Plaintiff's] use of "United States," "United States of America," "UNITED STATES," "UNITED STATES OF AMERICA," "THE UNITED STATES OF AMERICA," may be treated as identical without proof on the court record sufficient to establish the same legal relation, title, stile, authority, and chain of authority to "The United States of America". (see [ECF No. 107] Attachment 54. – Notice: West Virginia v. Environmental Protection Agency et al)

**7.8.** Presenter repudiates any assertion that [Plaintiff] has proven Congressional authorization or agency authority sufficient to administer, regulate, enforce, or seek injunction or trespass against Presenter or the perfected usufruct claim and beneficial-use ministry of the FLHC as further described in Presenter's prior presentments.

**7.9.** Presenter repudiates any assertion that the Free Land Holder Committee, Presenter, or other living "men," male and female in Nature, holding pre-existing rights, asserted rights, and exclusive equitable claims, are without standing to present exceptions to [Plaintiff's] asserted title, authority, injunction demand, trespass, and claimed administrative authority over property, real estate, real-property interests, improvements, or other legal form attached to the land-substance. Presenter further gives notice that administration of property, real estate, or real-property interests does not, without proof of a previous, equal, or superior title, overcome the perfected usufruct land claim, the exclusive equity estoppel, the beneficial-use ministry, the pre-existing and asserted rights and claims already lodged into this cause by the living man :bryan:.

**7.10.** Presenter excepts to any assertion that [Plaintiff's] reply [ECF No. 110] defeats, extinguishes, waives, or renders moot the presentments previously lodged by Presenter, or the perfected claim to equitable title by nature on February 1st, 2025 by FLHC and its Ambassador Bryan-Hugh:Hammon; who has pre-existing and asserted rights and claims since approximately 1899 upon land of "The United States of America".

**7.11.** Presenter excepts to any assertion that the corner caps, Free Land Holder Committee seal, or words "Exclusive Equity and Sacred Honor" prove any unlawful possession, trespass, intimidation, or obstruction. Presenter gives notice that those words and seal give visible and honorable notice of the claim's nature: a perfected usufruct beneficial-use ministry in exclusive equity, sacred honor, stewarding, and everlasting peace as originally intended upon land of "The United States of America". (see [ECF No. 107] Attachment 11. – FLHC Survey Markers)

**7.12.** (see [ECF No. 84] Repudiations 1-3 - "UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO REPLY TO "PRESENTMENT[S] OF EXCEPTIONS AND REPUDIATIONS TO UNITED STATES OF AMERICA MOTION FOR SUMMARY JUDGMENT (see [ECF No. 75]) and (see [ECF No. 78])

**7.13.** (see [ECF No. 85] Repudiations 1-3 - "UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO REPLY TO "PRESENTMENT[S] OF EXCEPTIONS AND REPUDIATIONS TO UNITED STATES OF AMERICA MOTION FOR SUMMARY JUDGMENT (see [ECF No. 75]) and (see [ECF No. 78])

## 8. Exceptions preserved

**8.1.** Although [Plaintiff] has never objected to the court's acknowledgement of the living man :bryan:'s reservation of rights, exclusive equity jurisprudence, and the living man that lawfully stands with those rights and jurisprudence, [Plaintiff] continues to mischaracterize Presenter in such ways that dishonor the reservation of rights, the exclusive equity, and the living man known as :patrick: (private), and as Ambassador Bryan-Hugh:Hammon, and the living man :bryan:. (see [ECF No. 73] Court Transcripts – page 19 line 11-16), (see [ECF 73] Court Transcripts – page 20 line 9-25), (see [ECF No. 73] Court Transcripts – page 20 line 9-25, page 21 line 1-11),

(see [ECF No. 73] Court Transcripts – Page 10 line 6-12, page 13 line 12-25, page 16 line 19-25, page 24 line 10-11).

**8.2.** Presenter's challenge to jurisdiction was answered by administrative codes inferior to exclusive equity and sacred honor, and [Plaintiff] being without any evidence of equal, previous, or superior title, evidence of the living man :patrick: or the living man :bryan: being enjoined to the [Plaintiff's] [Defendant], or surety contract binding the living man :patrick: or the the living man :bryan: to duty and obligation under the United States, United States of America, or UNITED STATES OF AMERICA, neither has jurisdiction over the subject matter been proven, all while notices to plaintiff acting ultra vires are being totally ignored.

**8.3.** Presenter excepts to any interpretation of [ECF No. 110] as curing the [Plaintiff's] previous defects in its title claims in [ECF No. 59] and [ECF No. 62].

**8.4.** Presenter excepts to any grant of summary judgment before the honorable Chief Judge Daniel D. Domenico examines and determines whether [Plaintiff] has proven superior, equal or previous title, including having Congressional authority and entitlement to impose injunctive remedy or cure to land of "The United States of America" and its jurisprudence with certified and authenticated material facts and competent substantive evidence delivered to Presenter and lodged upon the record of the court.

**8.5.** Presenter excepts to any trespass, obstruction and or permanent injunction ordered without first having the honorable Chief Judge Daniel D. Domenico examine the Fred C. Hallar deeds, the title and stile "The United States of America," and determine whether [Plaintiff's] evidence upon the record of the court overcomes the stile and title upon the face of the certified copies of the Fred C. Hallar deeds.

**8.6.** Presenter excepts to any interpretation of [Plaintiff's] assertions as undisputed where Presenter has lodged presentments, notices, repudiations, and exceptions challenging [Plaintiff's] presumed claims not supported by certified or authenticated material facts and substantive evidence upon the record of the court, not just unsworn declarations and exhibits without notarization.

**8.7.** Presenter excepts to any interpretation of the court record that interpret Presenter's prior presentments as dishonorable, waived, abandoned, untimely, insufficient, irrelevant, immaterial, stricken, or extinguished without first examining all the facts around [Plaintiff's] incomplete delivery of [ECF No. 59 and ECF No. 62], and Presenters repeated efforts to provide the correct delivery location in writing on presentment notices and lodgings upon the court record and hand delivered to [Plaintiff]. (see [Federal Rules of Civil Procedure - Rule 5 – Serving and filing pleadings and other papers]), (see B(2)(F) "delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery."). Presenter declares that [Plaintiff] has dishonored repeated notices by Presenter of a correct delivery location on [Plaintiff's] Certificate of Service,

**8.8.** Presenter adequately provided his most recent delivery location to [Plaintiff] on the top of every lodging, presentment and notice:
(see [ECF No. 17] January 7th, 2025 (date of notice) - page 3 and page 4 location in writing at the top of pages)
(see [ECF No. 19] January 7th, 2025 (date of notice) - page 2, page 3 and 4, location in writing at the top of pages)
(see [ECF No. 22] January 16th, 2025 (date of notice) - page 4 and page 6, location in writing at the top of pages)
(see [ECF No. 27] February 4th, 2025 (date of notice) - page 2 and page 3, location in writing at the top of pages)
(see [ECF No. 28] February 4th, 2025 (date of notice) - page 2 and page 3, location in writing at the top of pages)
(see [ECF No. 73] February 4th, 2025 (date of notice) - page 6 line 22-23,
(see [ECF No. 73] February 4th, 2025 (date of notice) - page 7 line 1, and line 3-6, location declared to the court and United States,
(see [ECF No. 73] February 4th, 2025 (date of notice) - page 6 line 22-23 I came from the Treaty of Guadalupe Hidalgo 1848, I have a land patent, "I don't have any address" was stated to the court,
(see [ECF No. 73] February 4th, 2025 (date of notice) - page 7 line 1 and line 3-6 – offered the land patents to the court and to the [Plaintiff] to prove the delivery location of the living man :patrick: and the living man :bryan: exists,
(see [ECF No. 73] February 4th, 2025 (date of notice) - page 14 line 17-18 that fencing was put in regarding Presenter's mineral claims, water ditches and cultivating the land.
(see [ECF No. 73] February 4th, 2025 (date of notice) - page 18 line 1-12 about the land being deeded to "The United States of America).
(see [ECF No. 74] March 5th, 2025 (date of notice) – page 3 line 1-2 :bryan: declares he is the living man, no objection made by [Plaintiff],
(see [ECF No. 74] March 5th, 2025 (date of notice) – page 3 line 8 -25 :patrick: repudiates Magistrate, I'm the man, all rights reserved as agreed, and Magistrate acknowledges repudiation [Plaintiff] doesn't object,
(see [ECF No. 74] March 5th, 2025 (date of notice) – page 4 line 1-11 Jurisdictional statements, man acknowledgment, without prejudice, Magistrate says alright,
(see [ECF No. 74] March 5th, 2025 (date of notice) – page 7 line 8-25 and page 8 line 1-5 the living man :patrick: repudiates the Magistrate again
(see [ECF No. 74] March 5th, 2025 (date of notice) –
(see [ECF No. 74] March 5th, 2025 (date of notice) – page 11 line 1-25

(see [ECF No. 74] March 5th, 2025 (date of notice) – page 11 line 14-26 and page 12 line 1-20 Presenter's patented land and the Articles of Confederation

(see [ECF No. 74] March 5th, 2025 (date of notice) – page 12 line 1-25

(see [ECF No. 74] March 5th, 2025 (date of notice) – page 12 line 21-25 and page 13 line 1 We are free land holders and committee, court says ok and you have standing with the group you are with.

(see [ECF No. 74] March 5th, 2025 (date of notice) – Page 13 line 1-25 land deeded to Articles of Confederation and "The United States of America", land not deeded to United States of America, United States or [Plaintff]

(see [ECF No. 74] March 5th, 2025 (date of notice) – page 14 line 1-25 land deeded to Articles of Confederation and "The United States of America", land not deeded to United States of America, United States or [Plaintff]

(see [ECF No. 74] March 5th, 2025 (date of notice) – page 15 line 1-12 land deeded to Articles of Confederation and "The United States of America", land not deeded to United States of America, United States or [Plaintff].

(see [ECF No. 74] March 5th, 2025 (date of notice) – page 27 line 19 -25 and page 28 line 1 I dont understand I'm not a surety for that name, I can show you the evidence, court said ok,

(see [ECF No. 74] March 5th, 2025 (date of notice) – page 27 line 13-16 Presenter's delivery location declared to the court and to the United States)

(see [ECF No. 43] March 18th, 2025 page 1 patent number only - location in writing at the top of pages)

(see [ECF No. 52-1] July 25th, 2025 page 2 patent number only - location in writing at the top of pages)

(see [ECF No. 52-2] July 25th, 2025 page 2 notice of possession of patent in law and in hand)

(see [ECF No. 56] August 21st, 2025 page 8 patent number only, patent in law and in hand - page 13 - location in writing at the top of pages)

(see [ECF No. 57] August 21st, 2025 page 8 patent number only, patent in law and in hand - page 13 - location in writing at the top of pages)

(see [ECF No. 58] August 21st, 2025 page 8 patent number only, patent in law and in hand - page 13 - location in writing at the top of pages)

After all of the above notices, Presenter excepts to any claim that his delivery location not appearing on the [Plaintiff's] Certificate of Service for [ECF No. 59], and all others, is any fault of Presenter, or that any liability for incomplete and insufficient delivery of {ECF No. 59] should impose upon Presenter. Further, on January 12th, 2026, at approximately 3:18pm mountain time, Lana Sawaked, legal administrative assistant, U.S. Department of Justice, 1801 California Ave., Denver Colorado, requested a mailing address from Presenter and was offered a copy of Presenter's Land Patent and the delivery location of the living man :patrick" for examination and delivery location details and Presenter's offer was refused and neglected. Further, the court clerk asked Presenter on two different occasions for a mailing address, and the Land Patent was offered but refused and neglected.

(see [ECF No. 63-3] page 3 paragraph 8 – Certificate of Service after [ECF No. 59] and still no updated delivery location)

(see [ECF No. 65] page 2 paragraph 6 – Certificate of Service after [ECF No. 59] and still no updated delivery location)

(see [ECF 65-1] Certificate of Service, page 26, after written notice for delivery location of the living man :bryan: and the living man :patrick:, you can see on this certificate of service that [Plaintiff] still ignores written update in violation of their (see [Federal Rules of Civil Procedure, Rule 5, 2(B)(F) "delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery."), and (see [Federal Rules of Civil Procedure, Rule 6(b)(1)(B), "the Court may extend the time within which an act must be performed for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect."). [Plaintiff's] dishonor to the repeated notices of Presenter's deliverable location is considered "excusable neglect" for Presenter's response to [ECF No. 59] and [ECF No. 62].

(see [ECF No. 66] page 8 paragraph 6 – delivery location for the living man :bryan:)

(See [ECF No. 66-1] Certificate of Service, page 26, after written notice for delivery location of the living man :bryan: and the living man :patrick:, you can see on this certificate of service that [Plaintiff] still ignores or neglects the written update in violation of their (see [Federal Rules of Civil Procedure, Rule 5, 2(B)(F) "delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.").

**8.9**. The delivery location for the living man :bryan: and the  for the last several years, has been Township 19 South, Range 19 West, SLB&M, Section 26: NE ¼ NE ¼, STATE OF UTAH PATENT NO. 20977. Despite repeated attempts to have [Plaintiff] update the correct delivery information, and despite several attempts to update the delivery information for Presenter with the court clerk when requested, stating that Presenter does not have a mailing address only a delivery location on a land patent in metes and bounds, such offers by Presenter have been dishonored, neglected or ignored, and [Plaintiff] has subsequently requested updates to the delivery records [Plaintiff] says its using. Yet, the living man :bryan: and Bryan-Hugh:Hammon (a private name, and not an a.k.a or surety)

delivery location still should be added to said Certificate of Service of [Plainitiff], and the incorrect presumed addresses removed by [Plaintff].

**8.10.** Under the caption of each presentment is a notice similar to, or identical to the following: "living soul[2], "man" :patrick:, third party intervener, free habitant, peace being disturbed, preexisting exclusive equitable rights and claims being trespassed upon, and current exclusive equitable rights and claims, including exclusively equitable estoppels being trespassed upon; all ultra vires."

**8.11.** A suitable arrangement for cure and remedy regarding [Plaintiff's] incomplete delivery of [ECF No. 59 and ECF No. 62] was mutually agreed to via telecommunications and by email for a practical arrangement, confirmed in writing between [Plaintiff] and Presenter. Presenter accepted hand delivery of the entire [ECF No. 59 and ECF No. 62] on January 12th, 2026 as conveyed to Presenter by Lana Sawaked confirmed in writing as the evidence of the agreed cure to insufficient and incomplete delivery. (see [ECF No. 71 – Number 1 through 20 and Attachment A]), (see ECF No. 72 – Number 1 through 20 and Attachment A]), (see also [ECF No. 64, ECF No. 65 and ECF No. 66]. (see [ECF No. 68] page 3, paragraph 2, last sentence and page 4 completion of sentence).

**8.12.** Presenter gives notice that [Plaintiff] has ignored each of the above notices, and has also gives notice that the record of the court has received the below notices from the U.S. Postal Service that mail is undeliverable and not a serviceable address.

(see [ECF No. 30] 15276 Road 39.9, Mancos, Colorado – Return to Sender – Vacant – Unable to Forward)

(see [ECF No. 33] 15276 Road 39.9, Mancos, Colorado – Return to Sender – No Mail Receptacle – Unable to Forward)

(see [ECF No. 38] 15276 Road 39.9, Mancos, Colorado – Return to Sender – No Mail Receptacle – Unable to Forward)

(see [ECF No. 39] 15276 Road 39.9, Mancos, Colorado – Return to Sender – No Mail Receptacle – Unable to Forward)

(see [ECF No. 49] PO Box 841616, Hildale Utah - Return to Sender - Attempted, Not Known, Unable to Forward)

After all the notices of Presenter's delivery location itemized in section 8.6, and the notices from U.S. Postal Service about vacancy and undeliverable mail, Presenter questions why his location does not appear on the certificate of service for [ECF No. 59] and all others, and to this day [Plaintiff's] certificate of service still has not been updated after many months. All of the above U.S. Postal returned mail notices upon the court record all occurred prior to the incomplete and insufficient delivery of [ECF No. 59] and [ECF No. 62].

**8.13.** Previous to delivery of [ECF 59] Presenter and [Plaintiff] had established a customary delivery process with [Plaintiff] either by email and or by hand delivery.

**8.14.** Presenter and [Plaintiff] both mutually created cure for complete delivery of [ECF No. 59] and [ECF No. 62]; and the cured arrangement has been working perfectly for all other presentments ever since by email, hand delivery or left at the court clerks office. However, Presenter reserves the right to enforce his updated delivery location at anytime in the future as he deems necessary.

**8.15.** After Presenter and [Plaintiff] mutually created the remedy and cure for [Plaintiff's] incomplete and insufficient delivery of [ECF No. 59] and [ECF No. 62] on January 12th, 2026, at approximately 3:18pm mountain time, Lana Sawaked, legal administrative assistant, U.S. Department of Justice, Floor 16, U.S. Department of Justice Office, 1801 California Ave., Denver Colorado, completed the delivery of [ECF No. 59 and ECF No. 62] by delivering by hand the entire [ECF No. 59 and ECF No. 62] with all exhibits and conventionally submitted material to the living man :patrick: and the living man :bryan: as mutually agreed to by Presenter and acting U.S. Attorney Victor William Scarrpato, III.

**8.16.** On January 12th, 2025 the living man :patrick: and the living man :bryan: each gave notice confirming the complete and sufficient delivery of [ECF No. 59 and ECF No. 62]. The living man :bryan: lodged (see [ECF No. 71] Presenters' Special, Limited-Purpose Judicial Cognizance Presentment Regarding Service/Delivery of Exhibits for Plaintiff's Motion for Summary Judgment and Notice of Intended Presentment to Address the Motion) and the living man :bryan: lodged (see [ECF No. 72] Presenters' Special, Limited-Purpose Judicial Cognizance Presentment Regarding Service/Delivery of Exhibits for Plaintiff's Motion for Summary Judgment and Notice of Intended Presentment to Address the Motion). (please see [ECF No. 71] and [ECF No. 72] for additional exceptions, and repudiations.

**8.17.** Presenter also lodged in a respectful and honorable timeframe on February 2nd, 2026 (see [ECF No. 75, ECF No. 76, ECF No. 77, ECF No. 78, .ECF No. 79 and ECF No. 80]) with additional attachments including conventionally submitted material on flash drive.

**8.18.** Presenter would like to remind the court and the [Plaintiff] that a further delay was caused by a US Government shutdown lasting approximately 43 days beginning October 1st, 2025. Presenter further gave notice by lodging presentments on the record of the court on or about February 2, 2025, and references the record at (see [ECF Nos. 75, 76, 77, 78, 79, and 80]). These following lodgings were required as a result of the clerk of the court making mistakes handling Presenter's lodging of presentments (see [ECF No. 86, 87, 89, and 91]) causing a further delay not a fault or cause of Presenter.

**8.19.** Presenter affirms that the cure for [Plaintiff's] incomplete and insufficient delivery was resolved completely in an equitable and honorable manner between [Plaintiff] and Presenter; with all due respect to each other and to the court, and continues to function perfectly to this day, approximately 60 presentments later.

**8.20** Presenter excepts to any determination or interpretation that overlooks Presenter's position that prior presentments were lodged as cure and response to [ECF No. 59] and related materials, including [ECF No. 62].

**8.21.** Presenter excepts to any injunction or enforcement order that would impair pre-existing rights, asserted rights, customary rights, inheritable rights, equitable rights, exclusive equitable estoppels, or the perfected usufruct beneficial-use ministry presented by Presenter and the Free Land Holder Committee before those issues are honorably settled.

**8.22.** Presenter excepts to any ruling that interprets [Plaintiff's] silence or non-response to specific title, authority, estoppel, and record exceptions of Presenter as honorable substantive answers to Presenter's exceptions. (equitable doctrine: One cannot benefit from one's silence when one has a duty to respond)

**8.23.** Presenter excepts to any use of the corner caps, seal, or boundary markers as one-sided evidence against Presenter while ignoring their stated language, equitable notice function, and relation to the exclusive equity estoppel previously lodged into this cause. If [Plaintiff] relies on the markers, [Plaintiff] must acknowledge what they actually state: "Exclusive Equity and Sacred Honor" expressing the Free Land Holder Committee choice of law of the living man :patrick: and the living man :bryan:..

**8.24.** Presenter excepts to any determination which excludes this presentment solely because it stands outside the ordinary motion-response-reply sequence, where the substance presented within is preservation of an unresolved threshold exclusive equity estoppel, not an attempt to multiply briefings upon the record of the court.

**8.25** (see [ECF No. 84] Exceptions 1-8 - "UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO REPLY TO "PRESENTMENT[S] OF EXCEPTIONS AND REPUDIATIONS TO UNITED STATES Of AMERICA MOTION FOR SUMMARY JUDGMENT (see [ECF No. 75]) and (see [ECF No. 78])

**8.26.** (see [ECF No. 85] Exceptions 1-8 - "UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO REPLY TO "PRESENTMENT[S] OF EXCEPTIONS AND REPUDIATIONS TO UNITED STATES Of AMERICA MOTION FOR SUMMARY JUDGMENT (see [ECF No. 75]) and (see [ECF No. 78])

## 9. Tolling of time

**9.1.** Presenter gives notice that the tolling of time addressed in this section concerns the Court's cognizance and determination of Plaintiff's requested merits in [ECF No. 59], titled "Motion for Summary Judgment and Entry of a Permanent Injunction as to Defendants Patrick Pipkin and Bryan Hammon," together with Plaintiff's reply [ECF No. 110], lodged on or about June 24, 2026.

**9.2.** Presenter presents that the time for such determination should be equitably and fairly interpreted in a manner that preserves Presenter's exclusive equity, honors, pre-existing rights, asserted rights and claims, repudiations, exceptions, non-waiver, and prior exclusive equity estoppels.

**9.3.** Presenter further presents that Plaintiff's requested merits determination should not be allowed to remain unreasonably prolonged, or unresolved indefinitely while allowing [Plaintiff's] cause to continue operating as an adverse cloud over Presenter's perfected usufruct land claim upon land of "The United States of America", beneficial-use ministry, prior presentments, and exclusive equity estoppels.

**9.4.** Court should cognize whether Plaintiff has brought forward a previous, equal, or superior title sufficient to overcome the perfected usufruct land claim and the exclusive equity estoppel already lodged into this cause by Presenter.

**9.5.** If no determination is entered against [Plaintiff] within an equitable time period, Presenter preserves the position that [Plaintiff's] failure to overcome the equitable estoppels, ultra vires, harm and the superior equitable title by nature of the Free Land Holder Committee and the equitable estoppels, ultra vires and the trespass and harm against pre-existing rights, asserted rights and claims, of the living man :patrick:, the living man :bryan: and the other men and women similarly situated, existence beginning at approximately 1899, including exclusive equitable estoppels which remain unrebutted on the record, and that Presenter's equitable estoppels stand preserved, enforceable, and not waived.

**9.6.** If no cognizance is entered within an equitable time frame, Presenter preserves the position that Presenter has expressed a perfected usufruct land claim already lodged into this cause, and that Plaintiff's failure to overcome its defective title and authority claims, and thereby also failing to overcome the exclusive equity estoppels which remain unrebutted on the record, and therefore Presenter's equitable estoppels stand preserved, acknowledged, enforceable, and not waived.

## 10. Deeds, title, stile, and authority

**10.1.** Presenter gives notice that Plaintiff, in [ECF No. 59] and in [ECF No. 110, page 3, paragraph 1], has acknowledged the material point that the Fred C. Hallar deeds dated March 24, 1927, identify the grantee by the title and stile "The United States of America." Presenter agrees that the title and stile appearing on the face of the Fred C. Hallar deeds is "The United States of America," and presents that such title, stile, and juris are material to Plaintiff's request for a determination and permanent injunctive remedy. Presenter excepts, however, to any conclusion that Plaintiff's acknowledgment of that title and stile "The United States of America" proves Plaintiff's authority over it. Plaintiff has not brought forward any certified or authenticated evidence upon the court record

proving that UNITED STATES OF AMERICA, United States, United States of America, the U.S. Forest Service, the Department of Agriculture, San Juan National Forest, or any administrative agency holds authority over, acts in the same juris as, or has congressional authorization to minister the lands of and title and stile of "The United States of America" as expressed prima facie on the Fred C. Hallar deeds.

**10.2.** Presenter further excepts to any conclusion that Plaintiff has proven on the record of the court that it operates under the juris of the "Great Governor of the World" (sacred honor) expressed in the Articles of Confederation, where the title, stile, and juris of "The United States of America" is proven. Presenter also excepts to any conclusion that Plaintiff, as UNITED STATES OF AMERICA, has proven that it operates under the Articles of Confederation or has brought forward any certified or authenticated title or evidence of such authority over the land of "The United States of America" upon the court record.

**10.3.** The disputation remains whether Plaintiff can be heard to demand summary judgment and permanent injunctive remedy after failing for approximately 20 months to produce evidence of a previous, equal, or superior title, authority, or congressional authorization to minister or to administer over lands of "The United States of America" sufficient to overcome the pre-existing rights, asserted rights, perfected usufruct land claim, and exclusive equity estoppel already lodged into this cause. (see [ECF No. 107] Conventionally submitted material on flash drive, see Attachment 54., Notice: West Virginia v. Environmental Protection Agency et al, - No Congressional Authorization to administer lands of "The United States of America")

**10.4.** Presenter references the following certified authenticated evidence for stile, juris, and distinction of title: (see [ECF No. 93-4], Attachment 4, Articles of Confederation, Article I, see stile and title); (see [ECF No. 94-20]), Attachment 31, Statutes at Large, Articles of Confederation, Article I, page 6, see stile and title); (see [ECF No. 93-3], Attachment 3, Fred C. Hallar Deeds, see stile and title); (see [ECF No. 94-15], Attachment 16, Constitution of the United States and United States of America, page 3, first paragraph at the top, see difference in stile and title); and (see [ECF No. 107], Attachment 32, Statutes at Large, Constitution of United States and the United States of America, page 6 at the top, first paragraph, see difference in stile and title). See stile and title of United States and the United States of America in all of the [ECF's] above.

**10.5.** Up until recently [Plantiff] tried to assert that it owned the land of the Fred C. Hallar deeds because of a timber exchange with the United States as evidenced by a letter of intent from the Commissioner of the U.S. Department of Interior that timber **"may be"** exchanged for land. (see [ECF No. 59] page 16, second sentence – Exhibit 2 to Exhibit 1– Declaration of David Tomaschow – see all of this exhibit, including stile and title United States and the United States of America). Presenter instead proved that the land was purchased with lawful money in law or in equity by "The United States of America", which is not United States or UNITED STATES OF AMERICA. [Plaintiff] tried to invalidate Presenter's claim that the Fred C. Hallar deeds conveyed all rights, intrests and title with the claim of a completed timber exchange for title to the land. No evidence of said completed timber exchange under the General Exchange Act of 1922 to UNITED STATES OF AMERICA, and ([Plaintiff]) has ever been placed upon the record of the court by [Plaintiff], and now such claim appears to have been voluntarily abandoned by [Plaintiff]. The lands were not conveyed to the United States of America or to the United States; therefore never becoming a part of the National Forest Service Lands, or San Juan National Forest. (see [ECF No. 107] Attachment 33 – General Exchange Act of 1922 – page 3 at the top of the page – stile and title of the United States of America and United States). (see all of the Act) "Lands conveyed to the United States under this Act shall, upon acceptance of title, shall become parts of the national forest within whose boundaries they are located". Therefore lands of "The United States of America" has never been conveyed to the United States , the United States of America, U.S. National Forest System or to the San Juan National Forest, and therefore are not United States public lands. (please see the authenticated certificated paper copy stored in the clerk's office – (see [ECF No. 97]), and (see [ECF No. 98]).

**10.6.** [Plaintiff] has not provided any certified or authenticated evidence on the record of the court for evidence of title and authority over the titles United States, United States of America, THE UNITED STATES OF AMERICA, UNITED STATES OF AMERICA, or especially over "The United States of America", Articles of Confederation Article 1. (Equitable doctrine: Things that are similar are not the same, for if they were the same they would not be similar).

**10.7.** In the end of 2024, [Plaintiff] invented the title "Hallar Deed Area" to the land of this cause. Inventing a title does not thereby create an equal, previous or superior title to the land which is permanently described by the Public Land Survey System created by the Congress of the Articles of Confederation and expressed lawfully on the face of the Fred C. Hallar deeds; further, Presenter could not find such a title upon on the Montezuma County public land record, nor the Pueblo Land Office land record, or any other recorded public record lawfully describing the land on the face of the Fred C. Hallar deeds.

**10.8.** Presenter gives notice that [Plaintiff] has not proven lawful authority to enforce, administer, enjoin, or regulate the land described in the Fred C. Hallar deeds under the Unlawul Inclosures Act (see all of the Act [ECF No. 94-23] Attachment 34 – Unlawful Inclosures of Public Lands Act) without first proving [Plaintiff's] title, that its public lands of the United States or United States of America, as stated in said Act, which [Plaintiff] has not provided any certified or authenticated evidence of upon the record of the court. (please see the authenticated certificated paper copy stored in the clerk's office – (see [ECF No. 97]), and (see [ECF No. 98]).

**10.9.** Presenter's supporting certified and authenticated evidence of stile and title, and juris (see [ECF No. 107] Conventionally submitted material on flash drive:

(see Attachment 3., Fred C. Hallar Deeds);

(see Attachment 13., local deeds near the lands of this cause; showing stile and title differences);s

(see Attachment 4., Articles of Confederation, Article 1);

(see Attachment 31., Articles of Confederation, Statutes at Large, Volume 1, pages 4-9);

(see Attachment 16., Constitution of the United States and United States of America);

and (see Attachment 32., Constitution materials in Statutes at Large, Volume 1, pages 10-20)..

See stile and title "The United States of America", United States and the United States of America on all attachments listed above. (please see the authenticated certificated paper copy stored in the clerk's office – (see [ECF No. 97]), and (see [ECF No. 98]).

**10.10.** [Plainitff] has provided no certified or authenticated evidence upon the record of the court that UNITED STATES OF AMERICA has any contract with Fred C. Hallar for title to land of this cause.

## 11. Exclusive equitable maxims preserved

Presenter preserves reliance on the following exclusive equitable maxims as principles for the Court's equitable consideration:

**11.1.** Equity regards as done that which ought to have been done.

**11.2.** Equity will not aid a volunteer.

**11.3.** Equity will not perfect an imperfect gift.

**11.4.** Equity looks to the intent rather than to the form.

**11.5**. Equity acts in personam

**11.6**. Equity will not allow a trust to fail for want of a trustee.

**11.7.** Equity sees that which is first is truest, and that which is first in time is best in law.

## 12. Non-waiver

**12.1.** Presenter gives notice that no prior presentment, notice, claim, estoppel, exception, repudiation, or remedy presentment has been waived, abandoned, extinguished, or withdrawn unless expressly stated by Presenter upon the record of the court.

**12.2.** Presenter further states that the presentments lodged on or about January 7, 2025 [ECF Nos. 17 and 19], January 16, 2025 [ECF No. 22], and February 4, 2025 [ECF Nos. 27 and 28], remain preserved, and prove equitable title by nature held by the FLHC and the free land holders similary situatedl.

**12.3.** Presenter expressly preserves all prior exceptions to subject-matter jurisdiction, in persona jurisdiction, capacity, title, authority, standing, agency power, administrative enforcement, and injunctive remedy.

## 13. Plaintiff's fatal defects

**13.1.** Presenter gives notice that Plaintiff has not produced certified or authenticated evidence proving a previous, equal, or superior title to overcome the perfected usufruct land claim, the pre-existing rights, asserted rights, of the living man :patrick: and the living man :bryan, and exclusive equitable estoppels.

**13.2.** Presenter gives notice that Plaintiff has not produced certified or authenticated evidence proving Plaintiff's authority over the title and stile "The United States of America" as expressed on the Fred C. Hallar deeds and in the Articles of Confederation.

**13.3.** Presenter gives notice that Plaintiff has not produced certified or authenticated evidence proving that UNITED STATES OF AMERICA, United States, United States of America, THE UNITED STATES OF AMERICA, the U.S. Forest Service, the Department of Agriculture, San Juan National Forest, or any administrative agency holds the same juris as "The United States of America" or has congressional authorization to minister or administer land of "The United States of America."

**13.4.** Presenter gives notice that Plaintiff has not produced certified or authenticated evidence of a completed timber exchange contract with Fred C. Hallar sufficient to overcome the lawful-money consideration, date, and conveyance language on the face of the Fred C. Hallar deeds.

**13.5.** Presenter gives notice that Plaintiff has not produced certified or authenticated evidence of any contract, surety relation, joinder, agency, franchise, or artificial legal capacity binding the living man :patrick: or the living man :bryan: to Plaintiff's asserted legal-fiction name, docket designation, or capacity theory.

**13.6.** Presenter gives notice that Plaintiff has not produced certified or authenticated evidence overcoming Presenter's private-name, capacity, and reservation-of-rights objections preserved in [ECF No. 73], including page 19, lines 11-16; page 20, lines 9-25; and page 21, lines 1-11.

**13.7.** Presenter gives notice that Plaintiff has not produced certified or authenticated evidence that [ECF No. 59] and [ECF No. 62], including all exhibits and conventionally submitted materials, were completely and sufficiently delivered to Presenter's delivery location of record before the January 12, 2026 hand-delivery remedy and cure reached between [Plaintiff] and Presenter.

**13.8.** Presenter gives notice that Plaintiff's incomplete and insufficient delivery, government shutdown delay, missing or inaccessible attachments due to court clerk's mistakes, returned mail notices, and failure to correct delivery location support tolling of time, preservation of exceptions, and non-waiver. See [ECF No. 64], [ECF No. 65], [ECF No. 66], [ECF No. 71], [ECF No. 72], [ECF No. 30], [ECF No. 33], [ECF No. 38], [ECF No. 39], and [ECF No. 49].

**13.9.** Presenter gives notice that Plaintiff has not produced certified or authenticated evidence proving lawful authority to remove or destroy mineral-claim pegs, survey caps, corner caps, boundary markers, public notices, or other notice evidence before resolving the title, stile, authority, estoppel, and intent of those claim caps and markers.

**13.10.** Presenter gives notice that removal, destruction, concealment, or one-sided characterization of jurisdictional or jurisprudential boundary notices, corner caps, claim markers, or public notices cannot operate as proof against Presenter while the stated words "Exclusive Equity and Sacred Honor" remain unexamined and unresolved.

**13.11.** Presenter gives notice that Plaintiff has not produced certified or authenticated evidence proving that the General Exchange Act of 1922 applies to land of "The United States of America" as distinctly different from Plaintiff's asserted titles and agencies.

**13.12.** Presenter gives notice that Plaintiff has not produced certified or authenticated evidence proving that the Unlawful Inclosures Act applies to lands not first proven to be public lands of the United States or United States of America within the meaning of that Act.

**13.13.** Presenter gives notice that [Plaintiff] has not produced certified or authenticated evidence proving that any response, reply, or request for resolution was timely and sufficient to overcome the defects in delivery, and record-completeness exceptions preserved by Presenter.

**13.14.** Presenter gives notice that the hearing records at [ECF No. 73] and [ECF No. 74] preserve Presenter's position regarding land patents, location, private status, lack of address, lack of surety, Articles of Confederation, "The United States of America," and free land holder standing, including [ECF No. 73], page 5, lines 9-22; page 6, lines 22-23; page 7, lines 1 and 3-6; page 14, lines 17-18; page 18, lines 1-12; and [ECF No. 74], page 12, line 21 through page 13, line 1; page 27, lines 13-25; and page 29, line 1.

## 14. Conclusion

For the reasons presented above, Presenter presents that the Court shall cognize this presentment as notice of repudiations, exceptions, tolling of time, substance over form, non-waiver, Plaintiff's fatal defects, and remedy presentments regarding Plaintiff's [ECF No. 110] and Plaintiff's Motion for Summary Judgment [ECF No. 59].

Presenter further presents that no summary judgment, permanent injunction, enforcement order, removal order, trespass determination, obstruction determination, public-land determination, or adverse construction shall be entered without first examining and determining the unresolved title, authority, congressional authorization, estoppel, beneficial-use ministry, corner-cap notice, delivery, tolling of time, substance-over-form, and non-waiver issues preserved in this presentment and in prior presentments lodged in the record of the court.

## 15. Remedy presentments

Presenter presents the following remedies for the Court's cognizance:

**15.1.** The Court shall cognize that the exclusive equitable Notice of Claim, and Actual Notice of Perfected Claim, and its equitable estoppel presentments were all previously lodged into this cause. (See ECF No. 93-9] Attachment 9. – Notice of Claim, Notice of Perfected Claim and Equitable Estoppel) and (see [ECF No. 93-10] Attachment 10. – Photos of Public Postings US Post Offices).

**15.2.** The Court shall deny or hold in abeyance [Plaintiff's] requested summary judgment and permanent injunction [ECF No. 59] and [ECF No. 110] while that threshold disputation over superior title, overcoming pre-existing rights, and ministering lands of "The United States of America" under the juris of the Great Governor of the World (exclusive equity as expressed by the American Founders, and sacred honor) while it such remains unanswered, unsettled, and not yet overcome on the record of the court by [Planitiff].

**15.3.** The Court shall direct [Plaintiff] that it has not overcome the pre-existing rights, asserted rights and claims since 1899, and the right to maintain such rights of the living man :patrick:, the living man :bryan:, and the other living men and women entitled to said rights; and whether [Plaintiff] has proven its title and authority upon the record of the court to honorably trespass and honorably obtain a permanent injunction upon lands and authority it has not proven belongs to [Plaintiff].

**15.4.** The Court shall cognize Presenter's estoppel's, repudiations and exceptions expressed anywhere upon the record of the court as preserved against [ECF No. 59] and [ECF No. 110].

**15.5.** The Court shall cognize that [Plaintiff] has not lodged an honorable and equitable response to Presenter's challenge to jurisdiction, which lawfully overcomes the Presenter's pre-existing rights, asserted rights and claims since 1899, or the equitable title

by nature created by the FLHC under customary long-established and well-settled land law of "The United States of America", therefore [Plaintiff] is acting ultra vires.

**15.6.** The Court shall not allow [Plaintiff's] factual assertions as undisputed where Presenter has repeatedly lodged contrary presentments, notices, exceptions, and substantive materials, including certified and authenticated evidence of title differentiation, and differentiation of juris, upon the record of the court.

**Declaration and verification**

These presents are honorably declared and affirmed in the Jurisprudence of Exclusive Equity for America, without prejudice, in full faith, honor, good conscience, and good reason. All unalienable rights are preserved. This presentment is made in sacred honor as a special, limited-purpose presentment solely to maintain everlasting peace, preserve Presenter's exceptions and repudiations, prevent waiver, prevent concession, and prevent consent by silence.

Verification is made in sacred honor that the foregoing is true to the best of the knowledge, belief, and witness of the living man, usufructuary of the graciously gifted name :patrick:, and is respectfully lodged for the justiciable benefit of all.

Date: 7-8-2026

By: :brian: private

Mark of "man" (by ministerial visitation for jurisprudence cognizance)
Location: [T. 19 South R.19 West, SLB&M Section 26: NE1/4 NE 1/4]
Quitclaim forever STATE OF UTAH: PATENT NO. 20977,
Located within the boundary of the Treaty of Guadalupe Hidalgo (1848); as noticed on the record

Patpip28@gmail.com

435.233.8549

**"Notice"**
(Multiple demands for the specific performance of delivery to the above locations have been declared)

**END NOTES**

[1] For judicial ease only. The docket number and any conventional labels are included solely to assist the Clerk and chambers and do not waive the equitable forum, jurisdictional objections, or constitute submission to any inferior tribunal.

[2] Genesis 2:7 – 1560 Geneva Bible: "And the Lord God formed "man" of the dust of the ground, and breathed into his nostrils the breath of life, and "man" became a living soul.""

[3] Genesis 1:27 – 1560 Geneva Bible: "So God created mankind in his own image, in the image of God he created them; male and female he created them."

[4] 1 Corinthians 2:15 – 1560 Geneva Bible: "But he that is spiritual judgeth all things, and he himself is judged of no "man".""  (spiritually discerned standing).

[5] Genesis 2:7 – 1560 Geneva Bible: "And the Lord God formed "man" of the "dust of the ground", and breathed into his nostrils the breath of life, and "man" became a living soul.""
1 Corinthians 6:19-20– 1560 Geneva Bible: "Know ye not, that your "body" is the temple of the holie Ghost, which is in you, whom ye have of God? and ye are not your own."""  "For ye are bought for a price: therefore glorify God in your "body", and in your spirit: for they are God's.""

[6] Genesis 1:26–28 – 1560 Geneva Bible (primary usufruct grant).

**Certificate of Service**

Presenter hereby declares that a true and correct copy of the above presentment was hand delivered to the clerk of court and lodged to the record and on the same date the presenter hand delivered a copy thereof in personam to counsel of record: *Victor William Scarpato, III, U.S. Attorney's Office, District of Colorado, 1801 California Street Suite 1600, Denver, CO 80202, phone: 303-454-0100, and Jennifer Rose Lake U.S. Attorney's Office 1801 California Street Suite 1600 Denver, CO 80202, 303-454-0301*

By: :bryan: private

the living "man" usufructuary of the name :patrick: in esse

All unalienable rights preserved

July 8, 2026

American Exclusive Equity Maxim "Equity will not suffer a wrong without a remedy"

lodge

into

cause number 24-cv-03301-DDD-NRN

this

American Exclusively Equitable intent and purpose of an
PRESENTMENT OF REPUDIATIONS, EXCEPTIONS, TOLLING OF TIME, SUBSTANCE OVER FORM, NON-WAIVER, PLAINTIFF'S FATAL DEFECTS, AND REMEDY PRESENTMENTS REGARDING PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND ENTRY OF PERMANENT INJUNCTION AS TO PATRICK PIPKIN AND BRYAN HAMMON [ECF No. 110], RELATING TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 59]

By lodging this American Exclusively Equitable intent and purpose of an
PRESENTMENT OF REPUDIATIONS, EXCEPTIONS, TOLLING OF TIME, SUBSTANCE OVER FORM, NON-WAIVER, PLAINTIFF'S FATAL DEFECTS, AND REMEDY PRESENTMENTS REGARDING PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND ENTRY OF PERMANENT INJUNCTION AS TO PATRICK PIPKIN AND BRYAN HAMMON [ECF No. 110], RELATING TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 59]
by the spiritually discerned "man" usufructuary of the graciously-gifted the name :bryan:

The "man" as minister, formed in the image of the Creator, presently in covenant upon the soil and land. The minister not the nom de guerre or all-capital-letter entity "NEMO," "Nemo," or any like designation appearing on any charging instrument, indictment, citation, bond, docket entry, or commercial paper. The minister the holder of the flesh-and-blood corpus, with an unalienable right to the exclusive usufruct estate "The United States of America" perfected under the Geneva 1560 indenture and usufruct land patent. Any reference to any fictitious entity, estate, or vessel named in stylized form is hereby expressly rejected and returned for want of proper identification and lawful capacity "man" not consenting to the alleged inferior court jurisdiction or waiving any unalienable granted rights in any-form to this res, and consents to any disturbance of the peace.

The "man" is ***not*** an enemy combatant or belligerent and is an everlasting peaceful habitant.